## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

## OF

# NORTH DAKOTA

---

ALBERT SOLBERG & COMPANY, Respondents, v. FRANK RET-
TINGER, Appellant.

(168 N. W. 572.)

**Sheriff — amercement of — proceedings — may be by motion — in original
case — in which execution issued — new action for not necessary.**

1. A proceeding for the amercement of a sheriff under the provisions of
§ 7770, Compiled Laws 1913, may be instituted by a motion in the original
case in which the execution is issued, and a new and separate action is not
necessary.

**Amercement of sheriff — trial by jury — cannot be had — statute — construc-
tion.**

2. A trial by jury cannot be demanded in a proceeding to amerce a sheriff
under the provisions of § 7770, Compiled Laws 1913, and the statute as so con-
strued constitutes due process of law.

**Sheriff — duty of — to return execution — within statutory period — no de-
mand necessary — to justify amercement.**

3. Ordinarily it is the duty of the sheriff to return an execution within the
time required by the statute, and no demand on him so to do is necessary to be
proved in order to justify a proceeding in amercement.

**Judgment creditor — sheriff with execution — acts directed by creditor —
failure of sheriff to execute — caused in part — by directions of creditor —
amercement will not be allowed.**

4. Where the judgment creditors have directed the acts of the sheriff, and

1

their own acts have been a cause of his failing to return the execution when required by the statute, the sheriff cannot be amerced for a failure of duty in that respect.

**Property levied upon — adverse claim to — sheriff — instruction to — promised from plaintiff's attorneys — instructions not given — instructions followed if given — sheriff not liable.**

5. Where upon an adverse claim of property levied on being made, the sheriff asks for instructions from the plaintiffs' attorneys, which are promised him, he is not liable to amercement for not selling, until he has disobeyed or disregarded directions to that end.

Opinion filed June 1, 1918.

Proceeding to amerce a sheriff under the provisions of § 7770, Compiled Laws of 1913.

Appeal from the District Court of Pierce County, Honorable *A. G. Burr,* Judge.

Judgment for plaintiffs.    Defendant appeals.          ,

Reversed.

*Albert E. Coger* and *Harold B. Nelson,* for appellant.

Where an execution is in all things regular, it is the duty of the sheriff to prosecute an action for the collection of choses in action, levied upon by him under the execution, and he may retain the execution, pending all necessary proceedings, and is not liable to amercement.    Comp. Laws 1913, § 7723.

Where a sheriff, with execution in his hands, is following the directions and mandates of the statute, or is being directed and instructed in the performance of his work under the execution, either by plaintiff or by plaintiff's attorneys, and is following and obeying such instructions, he is not liable to amercement.    Angell v. Bradley, L. R. 3 Exch. Div. 49.

Under any such circumstances, or in a case like the one here, where there are adverse claims to the property levied on, if the sheriff does his lawful duty or follows the instructions given by the creditor, he cannot be held liable in amercement.    Fuller v. Wells, F. & Co. 42 Kan. 551.

Plaintiff's attorneys by virtue of their employment had power to direct and control the execution, and the officer was justified in obey-

ing their directions. Stein v. Scanlon, 42 L.R.A.(N.S.) 895; Mathews v. Perminter, 162 S. W. 1180; Simms v. Quinn, 58 Miss. 221; 35 Cyc. 1891; Campbell v. Harris, 36 N. J. L. 526.

*J. E. McCarthy,* for respondents.

It is admitted that the execution issued and placed in the hands of the sheriff was not returned within sixty days, as required by law, or at all. Plaintiffs demanded of the sheriff the proper return of said execution, but the sheriff failed to comply, and he is liable in amercement. Lee v. Dolan, 34 N. D. 449.

The execution was in conformity with the judgment upon which it was issued, and is regular in all things. Comp. Laws 1913, § 7563.

The sheriff had the right to take the property of the defendant in his county, no matter in whose hands he found it. Comp. Laws 1913, ¶ 3, § 7563.

No third-party claim was ever made upon the sheriff, and he had no excuse for failing to proceed with the execution, as required and requested. Comp. Laws 1913, §§ 7550, 7563, 7770; Lee v. Dolan, 34 N. D. 449.

If it were even claimed that the judgment debtor had no property it would be no defense and would not justify the sheriff in not returning the execution, as provided. 35 Cyc. 1882.

When personal property is attached or levied on, our statute requires the officer to take possession and hold same. Comp. Laws 1913, § 7547, ¶ 3.

The amercement proceedings were all regular and legal. Swenson v. Christianson, 10 S. D. 188, 72 N. W. 459; Comp. Laws 1913, § 7770; Lee v. Dolan, 34 N. D. 449.

BRUCE, Ch. J. This is a proceeding for the amercement of a sheriff. It is brought under the provisions of § 7770, Compiled Laws 1913, which provides that: "If any sheriff or other officer shall refuse or neglect to execute any writ of execution to him directed, which has come to his hands, or to sell any personal or real property, or to return any writ of execution to the proper court on or before the return day, or on demand to pay over to the plaintiff, his agent or attorney of record all moneys by him collected or received for the use of said party at any time after collecting or receiving the same, except as

otherwise provided, or on demand made by the defendant, his agent or attorney of record, to pay all surplus received from any sale, such sheriff or other officer shall on motion in court and two days' notice thereof in writing be amerced in the amount of said debt, damages and costs with 10 per cent thereon to and for the use of said plaintiff or defendant as the case may be."

The negligence complained of is the failure of the sheriff to satisfy an execution out of property which had theretofore been attached, and to "return the execution within the sixty days specified." It appears from the record that a portion of the property levied upon under the warrant of attachment consisted of rye and that the remainder of the property was real estate.

It also appears that, after the levy under the above warrant, the rye in question was deposited by the sheriff in an elevator at Wolford, North Dakota, and that thereafter and before the entry of the judgment the elevator company converted the grain to its own use and issued storage tickets therefor to one W. D. McLaughlin. It also appears that when the said McLaughlin sought to recover on the said storage tickets, the elevator company refused to recognize the same, and on a suit being brought against the said company by the said McLaughlin, the sheriff, Frank Rettinger, by permission of the court and on November 24, 1916, intervened. It is also conclusively proven that the execution, which was issued on the 23d day of February, was not returned by the sheriff within sixty days, nor has the same even been returned. Judgment was rendered against the defendant sheriff for the amount of the execution for the sum of $993.93, being the amount of the execution, together with the 10 per cent thereon prescribed by the statute, and from this judgment the defendant has appealed.

The first point raised by the defendant sheriff relates to the nature of the proceeding. It is claimed that an independent action should have been brought wherein the party alleging to have been injured should have been made plaintiff, and the sheriff, defendant. This, however, we do not believe to have been necessary, and we believe that the procedure adopted in the case before us, which was that of a motion in the original action, was sufficient. Swenson v. Christoferson, 10 S. D. 188, 66 Am. St. Rep. 712, 72 N. W. 459.

The second objection made is that while the matter is presented on affidavits, it is in reality an action for the payment of money, and is properly triable to a jury. There is no merit in this objection. The proceeding is neither one for the collection of a fine, nor is it an action for damages. The liability impcsed is imposed as a condition upon the holding of the office, and the penalty is not so much imposed as it is agreed by the sheriff when he takes his office to be paid in the case of a failure of duty. The recovery is fixed by the statute, and there is no option on the part of the court or anyone else to award anything else. The purpose of the statute was to award to the execution creditor a speedy and prompt remedy, and without any unnecessary formality, and above all to hold public officers to a strict performance of their duties.

The matter of due process of law was discussed on the petition for a rehearing in the case of Lee v. Dolan, 34 N. D. 449, 158 N. W. 1011.

The third objection made is that no demand for the payment of the judgment was made on the sheriff prior to the institution of the proceedings. No demand, however, seems to be necessary. The statute does not say that, if the sheriff neglects *on demand* to return the execution, he shall be amerced, but, if the sheriff shall neglect to return the execution. Of course, if the amount had already been paid, this fact could be pleaded in bar. There is no such claim, however, in the case which is before us.

It is next urged, however, that the plaintiffs' and respondents' attorney directed the acts of the sheriff in the execution of the writ, and through his acts contributed to the omission of the sheriff in executing the same.

We think there is merit in this contention, and, although we see no reason for withdrawing from the position taken by us in the case of Lee v. Dolan, supra; we think that the present case comes within the rule that, where upon an adverse claim of property levied on being made, the sheriff asks for instructions from the plaintiff's attorneys, which are promised him, he is not liable to amercement for not selling until he has disobeyed or disregarded directions to that end. Kemble v. Harris, 36 N. J. L. 526; 35 Cyc. 1891.

The case which is before us, indeed, is a peculiar one. In the fall

of the year 1915 the plaintiffs, Solberg and Studness, brought an action against Amanda Kehr for merchandise sold to her. Ancillary to the action they caused a warrant of attachment to be issued and sent to Frank Rettinger, the defendant sheriff, for service. At this time it appears that another party, by name W. F. McLaughlin, asserted some claim to the crop sought to be levied upon, which was based on a transfer or alleged transfer to him from Amanda Kehr. The deputy sheriff, Palmer, to whom the warrant of attachment was issued, went to the machine that was threshing the grain and took actual possession of the property. He then notified the agent of the Dodge Elevator Company that he as deputy sheriff would deliver the grain to the elevator. He superintended the threshing and kept track of the loads that were threshed. McLaughlin was also upon the scene, and when the grain had been delivered to the elevator at the near-by town of Wolford, he seems to have persuaded the agent that he was the real owner of the grain, and prevailed upon such agent to deliver to him the storage tickets therefor. When the sheriff applied to the elevator agent for the storage ticket he was informed that it had been delivered to McLaughlin. He also states that he was informed and verily believes that the grain was shipped out of the state together with other grain. It appears that this action was reported to the attorney of plaintiffs, and that he was aware of the fact when he entered judgment in the attachment proceedings. The execution on this judgment was issued on February 23d and sent to the sheriff with a letter containing the following:

"You will please sell the rye heretofore levied upon and oblige." The sheriff then took the matter up again with the Elevator Company. On March 6th the plaintiffs' attorney wrote the sheriff, and, presumably in reply to a letter from him, said, "I suppose it will be all right to wait a few days for a letter from Dodge Brothers, as they say they will write again." On or about March 18th he received a letter from F. B. Lambert, the attorney from the Elevator Company, saying that he knew nothing about the matter, that the Elevator Company did not wish to oppose either party, stating that McLaughlin had brought suit against the Elevator Company on the storage ticket, and suggesting that the sheriff intervene. This was sent by the defendant sheriff to the plaintiffs with a notation, "What do you think about this? and

please return with your answer." In reply to this the attorney for plaintiffs wrote: "All I can see in this matter, Frank, is that you should pay us for the rye, inasmuch as Mr. Palmer levied on the same when it was threshed, and hauled it himself, and had full charge of it. I think you had better take this matter up fully with Mr. Lambert and give him the day when it was done, what was done when it was hauled to the elevator, and who hauled it, etc. My clients feel that they should have had the money out of this before this time, and trust you will get settled up so as to make payments soon."

So far as the record shows, nothing further was heard from the attorney for plaintiffs until August 24th, when he wrote Coger and Nelson, attorneys for the defendant sheriff, as follows:

"In the matter of judgment, Albert Solberg & Company against Amanda Kehr, will say that I understand that you are acting as attorney for Frank Rettinger, sheriff, in this matter, and that as we are about to ask that the sheriff pay the said judgment and be amerced to same, and if this is paid by him prior to motion being made, we will not ask the 10 per cent additional penalty allowed by the statute, and will at this time, if paid at once, take the face of the judgment, and he can then go ahead and collect for himself."

When this letter was written the time for making the return had expired,—that time being on May 23d. As far as the letter of March 6th is concerned, there was clearly a permission to negotiate with Dodge Brothers, and in the letter of May 20th there was clearly a permission to negotiate with the attorney for the Elevator Company contained in the words, "I think you had better take this matter up fully and give him day when it was done and what was done with it when hauled to the elevator and who hauled it," etc.

In the same letter, too, there is no requirement for the return of the execution nor any requirement for a levy, but rather an assertion of a claim against the sheriff personally for not having obtained the storage ticket, this being contained in the statement, "All I can see in this matter, Frank, is that you should pay us for this rye inasmuch as Mr. Palmer levied on the same when it was threshed, and hauled it himself, and had full charge of it." In the letter of August 24th, also, even where amercement is spoken of, there is a suggestion that the sheriff could go ahead and collect for himself.

We are by no means satisfied from the record that the rye in question was within the state. There was nothing, therefore, on which the sheriff could levy except on the chose in action; and since the Elevator Company had paid the money obtained from the grain into court, the reasonable and proper thing was to intervene in the action, which was brought by McLaughlin against the Elevator Company. If the property had belonged, as a matter of fact, to McLaughlin, he could not have levied upon it without liability, and could have insisted upon an indemnity bond from his client. They offered to give no such bond, but merely suggested that he take the matter up with the attorney for the Elevator Company, and that he himself was liable not because of a failure to sell under an execution, but because in the first place he had failed to obtain the storage ticket.

The amercement, in short, is sought for the failure to return the execution within the sixty days when the retention of that execution by the sheriff seems not only to have been acquiesced in by plaintiffs' attorney, but was necessary in order to sustain the petition in intervention. Under the provisions of § 7723 of the Compiled Laws of 1913, the sheriff was required to "execute the writ by levying on the property of the judgment debtor, collecting the things in action by suit in his own name, if necessary, or by selling the same; . . ." and it would seem that pending this intervention or suit for collection of the chose in action, the execution creditor had no right to the immediate return of the writ. See Angell v. Baddeley, L. R. 3 Exch. Div. 49, 47 L. J. Exch. N. S. 86, 37 L. T. N. S. 653, 26 Week. Rep. 137. It is true that plaintiffs could have demanded a return of the writ within sixty days, and waived the suit or the attempt to collect on the chose in action, or their claim for personal liability against the sheriff for the failure to obtain the storage ticket. They do not appear, however, to have done so.

The judgment of the District Court is therefore reversed, and the cause remanded with directions to dismiss the petition.

ROBINSON, J. (concurring specially). The title of this case as given on the brief of counsel is Albert Solberg et al., Plaintiffs and Respondents, v. Frank Rettinger, Sheriff of Pierce County, Defendant and Appellant, but there is no such action pending in this court and as far

as the records show there never was such an action. The matter now pending against the sheriff is a motion, and not an action, and in the original proceeding against the sheriff the title was as follows: "In the Matter of the Application of Solberg & Studness for an Order of Amercement of Frank Rettinger, Sheriff of Pierce County."

In August, 1915, a writ of attachment against the property of Amanda Kehr was issued to the sheriff of Pierce county. The sheriff levied on "all defendant's interest" in a quarter section of land and "her interest" in the crops of rye grown and harvested on the same land. In February, 1916, judgment was given for $848.54. Then a special execution was issued to the sheriff, commanding him to satisfy the judgment out of the property which he had attached. But a serious question arose as to whether the execution debtor had any interest in the property attached. One McLaughlin had claimed the rye, had obtained the storage tickets for the same, and had brought suit to recover the rye or its price. In that suit the sheriff intervened and claimed the rye under his execution. There was nothing else for him to do. Then he very properly held the execution pending the suit, as he could not well return it without releasing his levy. Counsel for plaintiff did not instruct the sheriff to return the execution within sixty days. He kept quiet until the time had elapsed and then kindly asked the sheriff to pay the execution. Then on motion of counsel for plaintiff—on a summary motion and not in any action—judgment was given against the sheriff for the amount of the execution, with interest and 10 per cent penalty, amounting to $903.

The statute is that, if any sheriff refuse or neglect to return any writ of execution to the proper court on or before the return day, he shall on motion and two days' notice be amerced in the amount of the debt, damage and costs and 10 per cent penalty for the use of the plaintiff. Comp. Laws, § 7770.

Some two years ago this court gave that statute a construction which seems narrow and unjust. Lee v. Dolan, 34 N. D. 449, 158 N. W. 1007. In two more recent decisions this court denied a motion to amerce the sheriff under the statute, and held in effect that such a motion should not be granted except in cases of clear and wilful wrong and on a showing of damages to the moving party. In this case there is no showing of any loss or damage, or that the execution debtor had any

property subject to execution. There is no showing that McLaughlin did not own the rye and the land. In the suit of McLaughlin to recover the rye or its price the sheriff has been good enough to intervene and to assert a claim to the rye under his execution. That suit is still pending and it is really the suit of the plaintiffs. It is their business to stand behind the sheriff, and to save him from all expense and loss, instead of trying to rob him of $900. The sheriff has a right to tender to the plaintiffs the conduct of the McLaughlin suit, and to demand that they indemnify him against all cost and damages. He has done his full duty in trying to protect the rights of the plaintiffs, and now it is their duty to protect him.

There are other objections to this statute and to the fine imposed on the sheriff in the form of a judgment against him.

1. A person may not be deprived of life, liberty, or property without due process of law.

2. The right of trial by jury is assured to all, and is inviolate.

3. Excessive fines shall not be imposed.

A fine is a penalty for the omission or commission of some act which the law commands or forbids. The purpose of the penalty is to redress some wrong or to compensate for some damages. When, as in this case, there is no wrong or damage, then any penalty is excessive. A judgment is the final determination of the rights of the parties in an action. Comp. Laws, § 7599.

It is the culmination of a deliberate judicial proceeding which must be in accordance with the law of the land or the established course of judicial procedure. A judge may not go up to a man, slap him on the back, and pronounce a judgment against him, even though it were in accordance with the letter of the statute. Such a summary procedure as a judgment against a person for $900 on a notice of two days is just the same as a judgment on a notice of two hours or a notice by a slap on the back. It gives a man no time to think and deliberate, to take counsel, and to prepare for a trial. It is not a final determination of an action. Before a judgment for $800 can be obtained against any person there must be an action against him. There must be a complaint stating facts sufficient to constitute a cause of action. There must be a reasonable time for him to answer and prepare for trial. If the action is based on a failure to perform a

legal obligation, there must be proof of compensatory damages. But in this case there is no action, no summons or complaint, and nothing to sustain a judgment. The pretended judgment is given on a mere notice, and on affidavits made November 15th and 16th, 1916, showing the recovery of a judgment against Amanda Kehr, and that on February 25, 1916, an execution on said judgment was issued to the sheriff; that several times he has been requested to satisfy the judgment and to return the execution, and he has failed to do so. There is no showing that defendant in the execution was the owner of any property, or that it was in any way possible for the sheriff to satisfy the judgment without paying it himself. There is no showing that the failure of the sheriff to return the execution had caused the plaintiffs the least damages. Hence the affidavits do not state a cause of action against the sheriff, while the proof submitted by the sheriff does show that no fault can be imputed to him.

This case makes no appeal to either law, equity or conscience. Judgment reversed and motion dismissed.

GRACE, J. I concur in the reasoning and result of the within concurring opinion of Judge J. E. ROBINSON.