D. F. McLAUGHLIN, Plaintiff and Respondent, v. DODGE ELE-
VATOR COMPANY, a Corporation, Defendant and Appellant,
and FRANK RETTINGER, as Sheriff of Pierce County, North
Dakota, Intervener.

(174 N. W. 871.)

**Conversion — damage claims by third parties — notice — effect of deposit
of the value in court after action is brought.**

In an action to recover damages for the conversion of grain stored with the
defendant, the defense was based upon claims by third parties, of which the
bailee had notice, and the bailee relied upon a deposit in court of the value
of the grain, less storage, fixed as of the date of the bringing of the action.
It is *held:*

(1) Section 7594, Compiled Laws of 1913, concerning deposits in court where
adverse claims are made to property, does not authorize a deposit of the
money value of the property, after action brought, in discharge of a liability
for conversion as of a prior date.

Opinion filed July 7, 1919. Rehearing denied September 16, 1919.

Appeal from the District Court, Towner County, *C. W. Buttz,* J.
Affirmed.

*F. B. Lambert,* for appellant.

"A tender of changes must be made before suit in trover where a
lien exists, unless the goods have been parted with." Salters v. Everett,
20 Wend. 267, 32 Am. Dec. 511; Picquit v. McKay (Ill.) 2 Blackf.
465.

"It is obvious that the court take judicial notice of the market price
of wheat at any particular date, and especially at a date more than
three weeks prior to the retrial of the case in this court."

"Nor does evidence of the price in the middle of September, 1895,
suffice to inform this court at the end of said month of September."
Towne v. St. Anthony & D. Elevator Co. 8 N. D. 208.

The respondent, having neglected to show the value of the grain as of the date of conversion, and only the date of delivery, and sale, some weeks prior to the demand, had not made a prima facie case when it rested and the appellant submitted its motion for a directed verdict, *hence, it was error to deny such motion.* Citizens Nat. Bank v. Osborne-McMillan Elev. Co. 21 N. D. 339.

Where the grain was delivered to an elevator company, storage tickets were issued, the grain was sold, and the actual cash value thereof was turned into court, the elevator company was absolved from all liability by the making of such deposit. State Bank v. Hurley Farmers Elevator Co. 33 N. D. 272.

"Any judgment which plaintiff may obtain can be satisfied only by a payment of the amount thereof in money, it cannot be satisfied by the delivery of the grain." More v. Western Grain Co. 31 N. D. 381; Minneapolis Drug Co. v. Kiernes, 167 N. W. 326.

The defendant was not guilty of conversion and the defendant was entitled to a directed verdict in his favor, even though there was no statute on the question at all, and in support of this we cite some unquestioned authorities. Zachary v. Pace, 9 Ark. 212, 47 Am. Dec. 744.

"A creditor of an estate who has possession of stocks payable to deceased as executrix commits no conversion in holding them for her executor as against her successor in the administration of her husband's estate, pending the decision of said successor's suit against her estate for her conversion of said stocks." Mills v. Britton, 64 Conn. 4, 24 L.R.A. 536, 29 Atl. 231.

"A refusal to deliver property will not be considered an unlawful detention, where the authority of the person making the demand is rightfully questioned." Ingalls v. Bulkley, 15 Ill. 224; Wood v. Pierron, 45 Mich. 313; Carroll v. Mix, 51 Barb. 212; Blankenship v. Berry, 28 Tex. 448.

"A bona fide reasonable detention of goods by one who has assumed some duty respecting them, for the purpose of ascertaining their true ownership, or determining the right of the defendant to receive them, will not sustain an action for conversion." 38 Cyc. 2029, and long note, citing numerous cases. See 47 Century Dig. under Trover and Conversion, § 52.

"The levy of an attachment on property is a legal excuse for refus-

ing to deliver it to the owner." Fletcher v. Fletcher, 7 N. D. 452, 28 Am. Dec. 359.

*Kehoe & Moseley,* for respondent.

"If a bailee, upon a demand for possession, refuses to deliver, placing his refusal on other grounds than his right to detain the chattels under the possessory lien, he thereby waives such lien, and the refusal constitutes a conversion." 28 Am. & Eng. Enc. Law, 2d ed. 706.

"It was not incumbent on the persons holding the storage ticket to make a tender. The court will take a judicial notice of the usual practice prevailing throughout the state for the warehouseman to make such deductions for storage and insurance upon settlement with the ticket holder." State ex rel. Ertelt v. Daniels, 35 N. D. 10.

"Exhibit 4 is a duplicate of the letter written on behalf of the plaintiff to the defendant on September 15, 1915. It was therefore admissible in the evidence without notice to produce the duplicate thereof mailed to the defendant." International Harvester Co. v. Elfstrom (Minn.) 112 N. W. 252, 12 L.R.A.(N.S.) 343, and note, 11 Ann. Cas. 107, and note.

BIRDZELL, J. This is an appeal from a judgment and from an order denying the defendant's motion for a judgment notwithstanding the verdict or for a new trial. The action is one to recover damages for alleged conversion of 898 bushels of rye which were raised in 1915 and delivered to the defendant elevator company at Wolford, North Dakota. The rye in question was grown upon land owned by Mrs. F. E. Kerr. The grain was delivered to the defendant as Mrs. Kerr's grain, and storage ticket No. 6356, running in her favor, was made under date of August 28, 1915. On September 1st, Mrs. Kerr gave a written assignment of the ticket to the plaintiff, and he received the ticket direct from the defendant's agent. On September 15th, the plaintiff made a written demand for the rye, but it was not delivered, and on the following January 27th the demand was repeated, the defendant being requested on this occasion to deliver the rye at Minneapolis. It seems, from exhibits attached to the motion papers, that soon after the grain was first delivered for storage, the agent of the defendant advised it that there was a dispute as to who was entitled to the money, and that defendant should hold the grain in case the ticket

was presented. And when the demand was made in January the defendant at first refused to make delivery unless an indemnity bond were given, claiming that liens had been filed·against the grain. This action was begun in March, 1916, summons being served March 13th, and it was not tried until March, 1918. One of the adverse claims which caused the defendant to hesitate to make delivery was that of Albert Solberg & Company, a judgment creditor of Mrs. Kerr, in whose behalf a warrant of attachment had been levied by the sheriff of Pierce county. The facts in connection with this levy and of an attempt to amerce the sheriff for the failure to return, during the statutory time, an execution subsequently levied, are stated in the case of Solberg v. Rettinger, 40 N. D. 1, 168 N. W. 572. The sheriff intervened in the action now before us on November 24, 1916, but was not represented at the trial. Another lien of which defendant had notice was a thresher's lien by one Yoder. It seems that the defendant had notice of these liens in September, 1915. After this action was brought he deposited in court the sum of $615.13, this sum being the market value of the grain at Wolford on March 13th, the day the summons was served, less storage charges, at the same time notifying the adverse claimants of the deposit.

. The appellant's ·principal argument in support of the claim that there was error in the judgment is that the deposit in court exonerated the defendant from the liability sought to be enforced in the action. Section 7594, Compiled Laws of 1913, is relied upon in this connection. The section is as follows: "Whenever two or more persons make claim for the whole or any part of the same money, personal property or effects in the possession or control of any other person as bailee or otherwise and the right of any such claimant is adverse to the right of any other claimant, or is disputed or doubtful, and the bailee, custodian or person in control of any part of such property, money or effects is unable to determine to whom the same rightfully belongs, or who is rightfully entitled to the possession thereof; or whenever such bailee, custodian or person in control has notice or knowledge or any right or claim of right of any person in or to any part of such property, money or effects adverse to the right of any other claimant therefor; or whenever any debt, money, property or effects owing by or in the possession or under the control of any person may be attached by garnishment or

other process, and there is any dispute as to who is entitled to the same or any part thereof; in any such case the person in the possession or control of any such property, money or effects, when an action in any form has been commenced for an account of or growing out of the same or in which the same has been attached as aforesaid, may pay such money or deliver such property or effects to the clerk of the court in which any such action having reference to said money, property or ef- fects, or the value thereof, may be pending, or out of which any garnish- ment or other process may issue with reference thereto; or if no such suit is commenced, he may apply to the district court of the district where such property, money or effects may be situated, and upon showing to the satisfaction of the court the existence of facts bringing him within the operation of this section, said court shall make an order designating a depositary with whom said property, money or effects may be deposited by the applicant for such order. In either case such person in the possession or control of such property, money or effects shall at once notify personally or by registered mail all persons of whose claims he may have notice or knowledge, having or claiming any interest, proper- ty, lien or right in, to or upon such property, money or effects, of such deposit; and upon giving such notice the person so depositing the same shall thereupon be relieved from further liability to any person on ac- count of such property, money or effects; provided, that such depositor may be required upon the application of any party interested therein to appear and make disclosure before the court, in which any such ac- tion may be pending or by which any order designating a depositor may be made, concerning the said property, money, debts or effects held, controlled or owned by him. If the address of any persons hav- ing or making any claim as aforesaid cannot be ascertained, an affida- vit to that effect shall be filed with the depositary, and the giving of such notice shall not be required in such case."

From the statement of facts preceding, it is apparent that the prop- erty or a duplicate storage ticket representing it was not deposited with the clerk of the court, but that the deposit consisted of an amount of money which is the equivalent of the value of the grain, less storage charges, on the day the summons was served on the defendant. Appel- lant's counsel contends that the action is one involving personal proper- ty *or its value,* and that in such case the statute expressly authorizes

the deposit of the property "or the value thereof." We cannot so read the statute. Where the action involves either specific property or its value, the statute authorizes *its* deposit in court. It does not authorize the deposit in court of the present value of property alleged to have been converted at some prior time. If the appellant's contention in this respect were correct, it would follow that if a conversion should take place while the price of grain was $1.50 per bushel and an action were brought after the price had fallen to $1 per bushel, the liability for the conversion would be decreased $33\frac{1}{3}$ per cent. In other words, the wrongdoer would be permitted to obtain the benefit of a fall in the market. The statute does not so provide, nor is such a meaning within its spirit. The statute is merely intended to relieve a person who is in a position analogous to that of a stakeholder. He is relieved by delivering up the stakes.

If the defendant in the instant case was justified in its prior refusal, as would be the case if its refusal to deliver were the result of a reasonable effort, in good faith, to ascertain the validity of adverse claims, it would follow that no conversion took place. But it cannot, by the delivery in court of a value fixed as of a subsequent time, purge itself of liability for a previous conversion. A number of appellant's specifications of error are hinged upon the construction of the statute which we find to be erroneous, and it will serve no good purpose to take up the assignments *seriatim*.

It is argued that error was committed in admitting secondary evidence as to the contents of a letter, without first having made a demand for the production of the original. The argument on this point is confusing. It relates to two exhibits. Exhibit 4 is a duplicate of a letter written by the witness to the defendant, and the other secondary evidence to which objection was made was the witness's statement as to the contents of a letter received from the defendant in reply to exhibit 4. The witness first accounted for the absence of the original reply, and as he was about to state the contents of the reply as he remembered it, objection was made to the statement as "not the best evidence, no demand being made for the original." It is obvious that the defendant would not have the original, it being a letter which the witness had received from it. Consequently this objection is without merit and was properly overruled. When exhibit 4 was introduced (the duplicate of

a letter written by the witness to the defendant) it was objected to upon the ground, among others, that it was not the best evidence. Counsel admits that the exhibit was a correct carbon copy, and the pleadings in the case served to apprise the defendant that it was charged with the conversion of the grain. It was reasonable, therefore, to anticipate that the defendant would have for use at the trial any correspondence passing between it and plaintiff's attorney concerning the transaction. The error, if any, in the admission of secondary evidence, was clearly not prejudicial.

The record discloses that there is ample evidence to go to the jury on the question of the defendant's conversion of the grain. We have examined the instructions, and find that the jury was fairly instructed upon the issues presented by the pleadings and the evidence. It also appears that the pleadings were sufficient to apprise the defendant of the character of the plaintiff's demand and to impress upon it the necessity of meeting the issue of conversion. The defendant has had a fair trial and a fair opportunity to present its defense. The judgment being amply supported in the evidence, and no error having been committed in denying the defendant's motion, the judgment and order appealed from are affirmed.

BRONSON and GRACE, JJ., concur in result.