JOSEPH WILHELM, Appellant, v. JOHN BANG, Sheriff of Dunn County, North Dakota, and State Bonding Fund, Surety, Respondents.

(184 N. W. 268.)

**Sheriffs and constables — discovery of lost execution in clerk's custody held to warrant vacation of amercement judgment against sheriff for failure to return.**

Where a judgment was entered against a sheriff in amercement proceedings and where the trial judge, at the time of ordering judgment, directed a stay of execution for thirty days within which time defendant might move to vacate, and during the pendency of the motion the execution, which had been lost and the failure to return which constituted the basis for the amercement judgment, was found in the custody of the clerk of the district court among excess files kept in a storage vault with a return endorsed thereon by the sheriff, it is *held* sufficient facts appeared to constitute a prima facie defense to the amercement proceedings

and that the action of the trial court in granting the motion to vacate the judgment was not an abuse of discretion.

Opinion filed June 22, 1921. Rehearing denied September 10, 1921.

Appeal from district court of Dunn County, *Pugh, J.*

Affirmed.

*Halpern & Rigler,* for appellant.

*Tobias D. Casey,* for respondents.

BIRDZELL, J. This is an appeal from an order vacating a judgment in an amercement proceeding. It appears that the plaintiff in this action was, in December, 1917, the owner of a note and chattel mortgage upon a Ford automobile which had been given by one T. E. Flowers. An action was instituted to foreclose the mortgage and obtain a deficiency judgment. Upon the filing of the complaint a warrant of seizure was issued to the defendant Bang as sheriff of Dunn county, directing him to seize the mortgaged property. It later appeared that one Boyd claimed a lien upon the property for repairs, and a complaint in intervention was filed, setting up his claims. Flowers defaulted, and the action was prosecuted to judgment and judgment entered in favor of the plaintiff. On June 27, 1919, a special execution was issued, directing the sheriff to sell the automobile in satisfaction of the judgment. The execution was placed in the hands of the sheriff on July 1, 1919. Inquiries were later made by the plaintiff's attorney concerning the execution, and, it appearing from such inquiries that the execution had not been returned, summary proceedings in amercement were begun against the sheriff. The motion was postponed from time to time and was not decided by the trial court until near the expiration of the term of the judge to whom it was presented. Upon the showing made on behalf of the plaintiff judgment was ultimately entered, amercing the sheriff. At the time the judgment was entered the court stated that the execution would be stayed for 30 days to allow the defendant sheriff time to move for opening the judgment. Within the 30 days, notice of motion to vacate the judgment was served upon the plaintiff's attorney. The motion was supported by the affidavit of the sheriff, which, among other things, stated that he had never been able to obtain

possession of the automobile under the warrant of seizure, although he had made diligent search for the same; that he had not been able to obtain possession after diligent search under the special execution; that he immediately made out and signed a return of these facts, and it was his intention to file the return with the clerk of court of Dunn county, but that through some mistake the return, as the affiant was informed, was never filed with the clerk of court. It appears, however, that before the motion to vacate was decided, the execution was found among certain files of the clerk in the basement of the courthouse where excess files were kept and that it bore a return of the sheriff. The trial court indicated in a memorandum that this was sufficient ground to set aside the judgment. Hence the order vacating the judgment.

Under the state of facts presented upon this appeal, it appears to be clear that the trial court did not commit error in exercising its discretion by vacating the judgment, as the facts, if they should ultimately be determined in accordance·with the prima facie showing, would constitute a defense to the amercement proceedings. It also appears that the defendant was not guilty of serious neglect in his failure to discover earlier the true facts with reference to the return, as he apparently relied upon the clerk to file the execution in its proper place.

The order appealed from is affirmed.

BRONSON, CHRISTIANSON, and GRACE, JJ., concur.

ROBINSON, C. J. (concurring specially). I do concur in the opinion as written by Mr. Justice Birdzell. I do also concur in the special opinion of myself and Mr. Justice Grace in Solberg v. Rettinger, 40 N. D. 1, 168 N. W. 572. I wholly dissent from the amercement decision in Lee v. Dolan, 34 N. D. 449, 158 N. W. 1007. That decision does violence to our conscience and our sense of fairness and honesty. If the purpose of the amercement statute is to aid one person in robbing another, then it should be strictly construed or held void. It is high time for the courts to cease following bad precedents, piling error upon error and lading men with burdens that are grievous to be borne. It was for that evil practice the Master said: "Woe unto you, ye lawyers."