## ROLLINS v. FORBES AND WIFE.

The averment in the complaint, that the plaintiff is the *owner* of the note and mortgage in suit, is a sufficient answer to a demurrer, on the ground that it does not appear by the complaint that the plaintiff is the *holder* of the note.

Where a suit was brought to foreclose a mortgage executed by husband and wife to secure a note made by the husband alone, and the complaint prayed for judgment against the husband for the amount of the note and interest, and a decree against both defendants for the sale of the mortgaged premises: *Held*, there was no misjoinder of actions, and the complaint was not demurrable on that ground.

Objections to the prayer of a complaint can not be taken by demurrer. If the specific relief asked can not be granted, such relief as the case stated in the bill authorizes, may be had under the clause in the prayer for general relief, and even in the absence of such clause where an answer is filed.

In a foreclosure-suit, judgment may be rendered for the amount found due upon the personal obligation, to secure which the mortgage is executed.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

The facts of the case appear in the opinion of the Court.

*Benj. Williams* for Appellant.

*William Pease* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

This is an action to foreclose a mortgage, executed by both defendants, to secure a promissory note of the defendant Andrew Forbes. The complaint contains the usual averments in such cases, and concludes with a prayer for judgment for the amount of the note and interest, and a decree for the sale of the mortgaged premises. The defendants demurred on two grounds: *first*, that it does not appear by the complaint that the plaintiff is the holder of the note upon which, and the mortgage, the suit is brought; and, *second*, a misjoinder of causes of ac-

tion, to wit: a cause of action at law upon a promissory note against one of the defendants, and a cause of action in equity, upon a contract executed by both defendants. The demurrer was overruled, and the plaintiff took judgment for the amount of the note against the defendant Andrew Forbes, and a decree for the sale of the premises against both defendants. From this judgment and decree the defendants appeal.

The first ground of demurrer is answered by the fact that the complaint avers that the plaintiff is the owner of the note and mortgage. The second ground is frivolous; the equitable relief follows as a consequence of the existence of the debt, and of the security for its payment. Objections to the prayer of a complaint can not be taken by demurrer. If the specific relief asked can not be granted, such relief as the case stated in the bill authorizes, may be had under the clause in the prayer for general relief, and even in the absence of such clause where an answer is filed. (Practice Act, § 147.)

It is usual for the decree, in mortgage cases, to adjudge the amount due upon the personal obligation, and direct a sale of the premises, and the application of the proceeds to its payment; but we see no objection to the formal rendition of a judgment for the amount found due. The proceeds can then be credited, by the officer making the sale, immediately upon the judgment, and no further action of the Court will be necessary to ascertain the deficiency for which the execution may issue.

Judgment affirmed.