## ROWLAND v. LEIBY et al.

In this State, parties are at liberty to adopt, in the foreclosure of mortgages, the course pursued under the old chancery system, and take a decree adjudging the amount due upon the personal obligation of the mortgagor, and directing a sale of the premises, and the application of the proceeds to its payment; and apply, after sale, for the ascertainment of any deficiency, and execution for the same; or they may take a formal judgment for the amount due in the first instance.

Appeal from the Fourth District.

Geo. F. & W. H. Sharp, for Appellant, cited: Rowe v. Table Mountain Water Co. 11 Cal.; Rollins v. Forbes & Wife, 10 Id. 299.

Field, C. J. delivered the opinion of the Court—Baldwin, J. and Cope, J. concurring.

The District Court based its decree, setting aside the money judgment of September, 1851, on the ground, that such judgment could not be rendered in a suit for the foreclosure of a mortgage. In this respect the Court erred. In this State, parties are at lib-

erty to adopt, in the foreclosure of mortgages the course pursued under the old Chancery system, and take a decree adjudging the amount due upon the personal obligation of the mortgagor, and directing a sale of the premises, and the application of the proceeds to its payment; and apply, after sale, for the ascertainment of any deficiency, and execution for the same; or they may take a formal judgment for the amount due in the first instance. In the latter case, the proceeds can be applied by the officer making the sale immediately upon the judgment, and no further proceedings will be necessary on the part of the Court to ascertain the deficiency. (See *Rollins* v. *Forbes & Wife*, 10 Cal. 299.)

Decree reversed, with directions to the Court below to dismiss the suit.