CREIGHTON, appellant, *v.* HERSHFIELD, respondent.

CASE OVERRULED. The case of *Creighton* v. *Hershfield*, 1 Mon. 639, holding that the Civil Practice Act of Montana did not apply to equity cases, overruled. That decision was based on the case of *Dunphy* v. *Kleinschmidt*, 11 Wall. 614, which was reversed in the case of *Hornbuckle* v. *Toombs*, 18 id. 648, and *Hershfield* v. *Griffith*, id. 657.

UNDERTAKING ON APPEAL — *docketing, a ministerial act — its purpose.* Another ruling in the same case, 1 Mon. 639, to the effect that a deficiency judgment should be provided for in the decree and afterward entered and docketed in order to sustain an action on an undertaking to pay any deficiency on sale of mortgaged premises, given on appeal, is also overruled.

That decision was based on the case of *Orchard* v. *Hughes,* 1 Wall. 77, and on rule 96 of the United States supreme court, of which the former was reversed and the latter became inoperative. The law requires a deficiency on the sale of mortgaged premises to be docketed, to become a lien and notify third parties. A decree need not contain what the law requires to be done without it, and the act of the clerk in such cases is in no sense a judgment, nor is it final or decisive.

*Appeal from Third District, Lewis and Clarke County.*

THIS is a rehearing of the case reported *ante,* 169.

JOHNSTON & TOOLE, for appellant.

CHUMASERO & CHADWICK, for respondent.

KNOWLES, J. This case is presented to this court at this time on a motion for a rehearing, and the parties have without objection pursued the practice that has heretofore been reluctantly permitted, of presenting in such motion the whole case, as though a rehearing had been granted. A rule of this court adopted at this term will prevent such practice in the future. This case was considered at the August term of this court for 1872, and the opinion then rendered appears in 1 Mon. 641. The facts of the case appear fully in that opinion, and will not be set forth in this. The opinion referred to was based, in the main, upon the opinion of the supreme court of the United States in *Dunphy* v. *Kleinschmidt,* 11 Wall. 614. That court being the appellate court of this, the ruling of that court in the case controlled this, and in obedience to what we conceived to be the judicial principles therein enunciated, we held the judgment and decree in the case of *Griffith & Thompson* v. *Herman and Star et al.,* in which the undertaking under consideration in this action was executed, void and of no effect. Fortunately for the happiness and peace of mind of the judicial officers of this Territory, and for the stability and security of the title of property acquired through judicial and execution sales therein, that case was reversed in *Hornbuckle* v. *Toombs,* 18 Wall. 648. And in the case of *Hershfield* v. *Griffith,* id. 657, in accordance with the views expressed in the case of *Hornbuckle* v. *Toombs,* that court held the decree in the above-named case of *Griffith & Thompson*

v. *Star et al.* valid.   The change of views and the rulings of that court make it a necessity that we should take a new position, and hold that the rulings formerly expressed by us in this case, as to the validity of the judgment and decree in the said case of *Griffith & Thompson* v. *Star et al.*, should be reversed. Taking as a basis that the decree in that case was correct, we are confronted with another ruling made in this case.   Although the undertaking provided for the payment of any deficiency that might arise upon the sale of the mortgaged premises, no judgment or decree for a deficiency was awarded in said decree, or docketed by the clerk, and no action would lie upon this undertaking.   As appears from the former opinion in this case, such ruling was based principally upon that of the supreme court of the United States in *Orchard* v. *Hughes*, 1 Wall. 77, and rule 96 of that court. It was held by this court that such decision and rule in all equity cases, in the main, forced us into the chancery practice that prevailed in the Federal courts, and to a great extent made our Code in equity cases inoperative.   There is nothing that appears in the reported decisions of *Orchard* v. *Hughes* that could lead this court to infer that such case was brought in one of the district courts for the Territory of Nebraska, exercising other than its ordinary chancery jurisdiction conferred by the ninth section of its Organic Act, which is identical with the same section of our own Organic Act.   And the rule referred to is general.   In its terms it applies to all equity cases in the Territorial courts, and not especially to those that appeal to the jurisdiction of those courts when exercising the jurisdiction of the district and circuit courts of the United States.   Under this decision and rule it was our opinion that the decree should provide for the entering up of a decree for a deficiency, and in accordance with section 295 of our Practice Act, the clerk should docket the same upon the return of the sheriff, before there would be or could be any deficiency to meet the condition in the recognizance for the payment of a deficiency.   As there was no provision in the decree of *Griffith & Thompson* v. *Star et al.* for a decree for a deficiency, we said:   " We are not called upon to create a condition and then to assign a breach of the undertaking for a violation thereof."   Most happily, this case of *Orchard* v. *Hughes* followed the fate of the case of *Dunphy* v. *Kleinschmidt*,

and much to our relief and the satisfaction of the legal profession, we believe, throughout this Territory, was reversed by the learned and justly distinguished court that rendered it, and rule 96 of said court thereby became inoperative. And we find ourselves, after great anxiety, confronted only by the provisions of the Civil Practice Act of this Territory in the consideration of the questions presented to us in this case before us. The point we are called upon to decide is this: Are the defendants liable on their undertaking sued upon in this case, considering its provisions and the fact that the clerk docketed no deficiency judgment after the sale of the mortgaged premises, and the return of the sheriff in the case of *Griffith & Thompson* v. *Star et al.?* The condition of this undertaking is, "that Hershfield and Hanauer should commit no waste, or suffer any to be committed in said premises, and pay any deficiency arising in the sale of the mortgaged premises, and all damages and costs which might be awarded on appeal." This undertaking was for the payment of any deficiency arising on the sale of the mortgaged premises. Is there no deficiency that can be so considered until the clerk has docketed a deficiency judgment? Under the Civil Practice Act in California prior to 1861, at which date it was amended, the plaintiff, in an action to foreclose a mortgage, could take a personal judgment against the mortgagee, and the decree would be for an order of sale to sell the mortgaged premises and apply the proceeds of such sale to satisfy this personal judgment. The return of the sale of the sheriff was treated as a return of that officer in a sale under an execution. And the judgment throughout was treated as an ordinary personal judgment, save that it might be satisfied by the sale of the mortgaged premises. The cases of *Rollins* v. *Forbes*, 10 Cal. 299, and *Englund* v. *Lewis*, 25 id. 337, fully support these views.

In 1861 the amendment to the California Practice Act made it identical with our own, upon the subject of the foreclosure of mortgages. Probably our statute upon this subject was copied from the statutes of that State. The California authorities consider that this amendment upon this subject had only this effect: There could be no lien upon real estate under this personal judgment in a mortgage foreclosure action until a judgment for a deficiency was docketed by the clerk. *Culver* v. *Rogers*, 28 Cal.

520 ; *Bowers* v. *Crary*, 30 id. 621 ; *Leviston* v. *Swan*, 33 id. 480. Under these decisions, there can be no doubt but that in California, under its Civil Practice Act as it now stands, it is still proper, as under the practice before this amendment, to enter a personal judgment, in actions for the foreclosure of a mortgage, and then decree a sale of the mortgaged premises to satisfy this judgment. In fact, it is considered there the better practice. We have borrowed so much from the civil practice that prevails in California that, unless there are insuperable obstacles, it is better that we should follow the decisions of the courts of that State in regard thereto. There are many practical results to be deduced in following the practice of their courts in relation to the action for the foreclosure of mortgages that it is not necessary that we should now refer to. In considering the provisions of our statute upon the subject of the foreclosure of mortgages, we find no objections to following the practice in regard thereto that prevails in California. If the question were a new one we should, in the main, hold, that the *practice* that prevails there was correct. The object of having a clerk docket a judgment for a deficiency being that the judgment for this amount might become a lien upon real estate, and for the further purpose of apprising purchasers of such estate of the amount of the lien thereon. It follows, that the failure of the clerk so to do was no dereliction of duty of which the defendants in this action can complain. This provision of the statute was not made for their benefit. From an inspection of the statutes, we find that it was not necessary that the decree should contain a provision ordering the clerk to docket a judgment for a deficiency. The law requires this, and we have seen what was the object therefor. The clerk does not enter a judgment for a deficiency. He dockets one. The court enters the judgment, and the clerk does the ministerial act of docketing a judgment for a deficiency. The defendants undertook to pay any deficiency, after the sale of the mortgaged premises, that might remain on the personal judgment entered in the action of *Griffith & Thompson* v. *Star et al.*, and not any judgment for a deficiency that the clerk might docket. The real question in such an action as this is : How much of a deficiency is there, and how much of the judgment entered in the case remains unpaid by the sale of

the mortgaged property? And the clerk, acting only in a minis-
terial capacity in docketing this judgment, and his acts being in
no sense an adjudication, it follows that the parties could go be-
hind even this to determine what the deficiency was. We hold,
then, that, although no judgment for deficiency was docketed in
this case, the action would lie on this undertaking. The judgment
in the case of *Griffith & Thompson* v. *Star et al.* was a personal
one, with a decree for the sale of the mortgaged property
to satisfy the same. The defendants herein urge that Hersh-
field and Hanauer, being only interveners, were not required
to give such an undertaking as this. This may be so. But they
did give it, and this is what the court below found was its effect:
"Finding *fifth*. That, in consideration of said appeal and the
staying of said sale, said defendants gave the undertaking sued
on for the payment of any deficiency growing out of said judg-
ment and sale. Finding *sixth*. That the said sale was stayed
until after the *remittitur* was received from the supreme court,
and execution upon said judgment."

Now, as to the fact that the defendants Hershfield and Hanauer
were not required to give this undertaking, they had the right,
being creditors of Herman & Star, to contest the validity of the
judgment against them. For all that this court may know, they
so intended at the time they took this appeal. They put them-
selves in a condition to contest it. Their undertaking was suffi-
cient.

The ninth finding of the court was as follows: "That after
deducting the proceeds of said sale from said judgment and
decree, the deficiency amounts to the sum $3,477.75." The un-
dertaking stayed the sale, and this was the deficiency arising
thereon.

The respondents maintain that they appealed from a portion of
the judgment in the case of *Griffith & Thompson* v. *Star et al.*,
and that, in accordance with the decisions of this court in the case
of *Barkley* v. *Logan, ante,* 296, the court had no jurisdiction of
the appeal, and that the undertaking on that appeal was useless
and void. Without stopping to discuss the effect of that decision,
if the facts were as claimed by respondents, let us see what the
decision was in that case. The notice of appeal read as follows:

"Take notice that the above-named interveners, Lewis H. Hershfield and A. Hanauer, hereby appeal to the supreme court of Montana Territory from the judgment or decree in this cause, and filed on the 16th day of May, A. D. 1873; that the appeal is taken from the judgment of the court giving priority to the claim of said plaintiffs over the claim of the interveners, and for not giving such priority to the claim of such interveners."

Now, there is nothing in any part of this notice that shows that an appeal was taken from a part of a judgment. The first part of the notice points out distinctly that the appeal is from the judgment, and the second part does not say that the appeal is from that part of the judgment awarding priority, but from the judgment awarding priority. This is only descriptive of a judgment. There was but one judgment in that case, so far as we are advised by the record. The appeal was from the judgment, and not from a part of it.

The order of this court is, that the former order in this case in this court be set aside; that the order of the court below granting a new trial be, and the same is hereby reversed and set aside, and the cause remanded for further proceedings.

*Judgment reversed.*

BLAKE, J., being disqualified, did not sit in the above case.