J. W. BULL, Plaintiff and Respondent, v. W. L. SMITH, M. H. Smith, P. D. Smith, G. J. Keenan, Ruth A. Keenan, W. J. Goldie, and Harry O'Neill, Defendants, W. L. SMITH and P. D. Smith, Appellants.

(178 N. W. 426.)

**Mortgages — payment of amount due by purchaser of land subject to mortgage constitutes discharge.**

1. Where one who has purchased land subject to and with knowledge of certain encumbrances against it (the amount of which is in effect deducted from the purchase price), pays the amount due upon and procures an assignment of one of such mortgages, the mortgage is discharged.

**New trial — in trial by court insufficiency of evidence not ground.**

2. Insufficiency of the evidence does not constitute a ground for a new trial in an action properly triable, and tried, to the court without a jury under § 7846, Comp. Laws 1913.

**New trial — diligence must be shown to obtain newly discovered evidence.**

3. For reasons stated in the opinion it is *held* that a motion for a new trial on the ground of newly discovered evidence was properly denied.

Opinion filed June 21, 1919. Rehearing denied July 18, 1919.

Appeal from the District Court of Burleigh County, *Nuessle,* J. Defendants W. L. Smith and P. D. Smith appeal.

Affirmed.

*E. T. Burke* and *W. L. Smith,* for appellants.

If a plaintiff seeks to come into court upon inconsistent claims, he is required to elect upon which he will stand before proceeding to trial. Bliss, Code Pl. 3d ed. § 164.

An action which proceeds on the theory that title to property remains in plaintiff is inconsistent with one which proceeds upon the theory that title has passed to the defendant. 15 Cyc. 257, and cases cited; Roney v. Halverson, 29 N. D. 13, 149 N. W. 688; Bank v. Young (Iowa) 140 N. W. 376; Anderson v. Chilson (S. D.) 65 N. W. 435; Mores v. Wormington, 8 N. D. 329, 79 N. W. 441; Milling & Elevator Co. v. Railway Co (Iowa) 66 N. W. 1059; Seeley v. Seeley (Iowa) 105 N. W. 380.

Oral evidence cannot be used to vary the terms of a written instrument as applied to the facts of this case. Bernardy v. C. & U. S. Mtg. Co. 20 S. D. 193, 105 N. W. 737; Speer v. Phillips (S. D.) 123 N. W. 722; Rooney v. Koenig (Minn.) 83 N. W. 399; Radke v. Rothchild Water Co. (Wis.) 148 N. W. 866; Barnes v. Hill City Lumber Co. (S. D.) 147 N. W. 775; Carper v. Ridpath (Iowa) 149 N. W. 841; Solomon v. Stewart (Minn.) 151 N. W. 716; Harney v. Wirtz, 30 N. D. 292, 31 N. D. 430.

Fraud cannot be presumed, but must be proved by clear, convincing, and satisfactory evidence. Kvello v. Taylor, 5 N. D. 76, 63 N. W. 889; Graham v. Graham (Mich.) 151 N. W. 596.

Unless plaintiff shows that such agreement, if any is proved, was made for his special benefit, he cannot recover thereon. Fry v. Alsman (S. D.) 135 N. W. 708; Kee v. Davison, 73 Cal. 522, 15 Pac. 100; Biddel v. Brizolara, 64 Cal. 354, 30 Pac. 609; Parlin v. Hall, 2 N. D. 473, 52 N. W. 405.

The question of merger is purely one of intention, and the holder of the lesser estate may prevent the merger if to his interests to do so. Machine Co. v. Rice (Wis.) 139 N. W. 445; May v. Cummings, 21 N. D. 287, 130 N. W. 828; Mendelsson v. Christie (Neb.) 74 N. W. 1096; Stastny v. Pease (Iowa) 100 N. W. 482.

*Theodore Koffel,* for respondent.

Parol evidence is admissible to show the true consideration of the deed. Logan v. Miller, 76 N. W. 1005; Sommers v. Wagner, 21 N. D. 531, 131 N. W. 797; Desmond v. McNamara, 82 N. W. 701; Langan v. Iverson, 80 N. W. 1051; Keith v. Briggs, 20 N. W. 91; Colman v. Post, 82 Am. Dec. 49; Swafford v. Whipple, 54 Am. Dec. 498; Shehy v. Cunningham, 25 L.R.A.(N.S.) 1194, and note p. 1202; Devlin, Deeds, §§ 822, 1054, 1066, 1069.

The statement of facts showing fraud is a sufficient allegation of fraud. Martson v. Dresen, 45 N. W. 110; Sleep v. Heymann, 16 N. W. 17.

A mortgage can also be extinguished by merger. Dembitz, Land Titles, 766; Fowler, F. & Co. v. Smith, 5 L.R.A. 721 and note; Pugh v. Sample, 39 L.R.A.(N.S.) 834 and note.

A mortgage is extinguished by the acquirement by the mortgagee of the mortgaged property, and hence such mortgage is no defense to the lien of a junior mortgage. Murphy v. T. & I. & S. Co. 33 La. Ann. 454, 39 L.R.A.(N.S.) 437; 16 L.R.A.(N.S.) 470; McCordia v. Billings, 10 N. D. 373, 87 N. W. 1008; Iowa Invest. Co. v. Shepard, 8 N. D. 332, 66 N. W. 451; Hebden v. Bina, 17 N. D. 235, 116 N. W. 85.

CHRISTIANSON, Ch. J. In October, 1909, the defendant J. G. Keenan purchased the premises involved in this action. As purchase price, Keenan and his wife gave their note for $570 secured by mortgage upon the premises, and assumed the then existing encumbrances, which consisted of two mortgages,—one for $1,000 and one for $150. The $150 mortgage was payable in five annual instalments of $30 each. On May 6, 1910, the defendant Keenan sold the premises to the defendant W. L. Smith, for the alleged consideration, as expressed in the deed, "of 1 and other valuable consideration." It is undisputed that Smith paid Keenan $50, and that this was the only consideration which actually passed between them at the time of the transfer. Keenan, however, contends, and upon the trial he testified, that as a further consideration Smith assumed and agreed to pay the three mortgages against the land. Smith, on the other hand, denied this, and claimed that the $50 paid

was the only consideration which he agreed to pay. The deed contained no assumption clause, but did state that there were outstanding three mortgages aggregating $1,720. The defendant W. L. Smith subsequently paid the interest on the first mortgage and taxes on the land. He also paid two of the instalments of the $150 mortgage, leaving only $90 of that unpaid. On July 10, 1912, he received an assignment of the $150 mortgage, and paid the then holder $90 therefor. The assignment was received with the name of the assignee blank, and the name of M. H. Smith was inserted therein as assignee. In November, 1912, M. H. Smith executed a power of attorney, authorizing W. L. Smith to foreclose the mortgage. The mortgage was thereupon foreclosed by advertisement. The notice of foreclosure stated that $486.50 was due upon the mortgage. On December 30, 1912, the premises were sold to the defendant M. H. Smith, under such foreclosure proceeding for the amount claimed due and costs of foreclosure. She subsequently assigned the foreclosure certificate to the defendant Goldie, to whom a sheriff's deed was issued March 11, 1914. On April 20, 1914, Goldie conveyed the land to the defendant P. D. Smith by quitclaim deed. Thereafter, and during the pendency of this action, P. D. Smith conveyed by quitclaim deed to the defendant J. B. Smith.

The plaintiff purchased the $570 note and mortgage, which was executed by the defendants Keenan, and is the owner and holder thereof. He brought this action to foreclose such mortgage. He also asked for personal judgment against the defendant W. L. Smith, on the ground that, as a part of the consideration for the deed which Smith received from Keenan, he (Smith) agreed to pay the indebtedness secured by the mortgage. The defendants Smith appeared and answered. They averred that plaintiff's mortgage had been extinguished by the foreclosure of the prior mortgage, and that the defendant J. B. Smith was the owner of the premises. The trial court found that the assignment of the mortgage was really taken to and for the benefit of W. L. Smith, and that such mortgage was in effect paid by him, and hence that the foreclosure proceedings and the sheriff's deed issued thereon were null and void. The trial court also found that W. L. Smith had agreed to pay for such mortgage as a part consideration of the deed which he received from Keenan. The defendants W. L. Smith and P. D. Smith

thereupon moved for a new trial. The motion was denied, and they have appealed from the judgment and from the order denying a new trial.

It is undisputed that the defendant W. L. Smith paid interest on the first mortgage, taxes on the land, and two instalments on the $150 mortgage, and only $90 was paid to the holder of that mortgage at the time the assignment thereof was made. W. L. Smith, however, asserts that he paid such interest, taxes, and instalments with the understanding between himself and the holder of the first two mortgages that he (Smith) should be subrogated to the rights of the holder of such mortgages. It is undisputed that the defendant W. L. Smith negotiated for and made all arrangements for the purchase of the $150 mortgage, but he asserts. that he did this for his wife, and that he purchased it for her. Mrs. Smith did not furnish the money, but the defendants testified that W. L. Smith was indebted to his wife, and that she gave him credit upon such indebtedness for the amount which Smith paid for such mortgage, and also for the amounts he had paid out for interest and taxes upon the land.

The facts in the case speak for themselves. The contention of the defendant W. L. Smith, that he obtained or retained any lien upon the land for the taxes and interest payments, is, in our opinion, so obviously without merit as to require no extended discussion. See, however, Morrison v. Morrison, 38 Iowa, 73; Hardin v. Clark, 32 S. C. 480, 11 S. E. 304; Stevens v. Church, 41 Conn. 369; Russell v. Pistor, 7 N. Y. 171, 57 Am. Dec. 509; Lovelace v. Webb, 62 Ala. 271; Sletten v. First Nat. Bank, 37 N. D. 47, 163 N. W. 534. A careful consideration of the evidence leads us to the conclusion that the trial court was right in holding that the assignment of the $150 mortgage was in fact taken for the benefit of W. L. Smith, and that he did, in legal effect, pay and discharge such mortgage. Leaving wholly on one side whether W. L. Smith assumed and agreed to pay the mortgages, it is undisputed that he had actual knowledge of and purchased the land subject thereto. The amount of such liens was stated in the deed which he received and considered by the parties in fixing the purchase price. Under any theory, Smith agreed to pay $50 over and above the amount due on the three mortgages. This principle has been held applicable even to the purchaser at a judicial sale. Thus, in Sletten v. Bank, supra, this court

held that where the holder of two mortgages covering the same tract of land forecloses the junior mortgage and purchases the land at the foreclosure sale, the debt secured by the senior mortgage is in effect paid and the mortgage discharged. Of course the true status of the matter is not changed, or the result affected, by the fact that the assignment was taken in the name of M. H. Smith. Franklin v. Wohler, 15 N. D. 613, 109 N. W. 56.

Did the defendant W. L. Smith assume and agree to pay the mortgages? The positive testimony of Keenan is to the effect that he did. The trial court believed this testimony to be true, and found accordingly. There is nothing in the record before us to justify us in saying that the finding is not in accord with the preponderance of the evidence.

Nor do we believe that the court erred in denying the motion for a new trial. Both appellants asked for a new trial on the ground of insufficiency of the evidence. So far as P. D. Smith is concerned this is the principal ground. Under the plain words of the statute, insufficiency of the evidence does not constitute a ground for a new trial in actions tried under § 7846, Comp. Laws 1913.

The defendant W. L. Smith also asked for a new trial of the question whether he assumed and agreed to pay the mortgages, on the ground of newly discovered evidence. Under the statute a new trial may be granted on the ground of "newly discovered evidence material to the party making the application, which he could not, with due diligence, have discovered and produced at the trial." (Comp. Laws 1913, subd. 4, § 7660.) The proposed newly discovered evidence in this case is the testimony of one Olson, who claims to have been present at the time Smith purchased the land from Keenan. Olson is a resident of Bismarck, where the defendant resides and the action was tried. The defendant does not claim that the evidence could not have been discovered and produced upon the trial. On the contrary he in effect admits that he could and would have discovered and produced the evidence upon the trial if he had known that the question of his personal liability was involved. But he says that "he did not know that there was any such issue in said case." It is difficult to understand how there can be any basis for this contention. The complaint in the case expressly averred that the defendant W. L. Smith, as a part of the consideration for the deed which he received from Keenan, promised and

agreed with Keenan that he (Smith) would pay the three mortgages, and in the prayer for relief personal judgment was demanded against the defendant Smith accordingly. In his answer the defendant specifically denied that he agreed to pay the mortgages, and averred that the only consideration agreed upon between himself and Keenan was $50, and that the defendant paid said sum. Upon the trial, considerable time was devoted to the introduction of evidence upon the issue thus framed. Manifestly, upon this record, defendant is not entitled to a new trial upon the ground of newly discovered evidence.

It follows from what has been said that the judgment and order appealed from must be affirmed. It is so ordered.

ROBINSON, BRONSON, and BIRDZELL, JJ., concur.

GRACE, J. I concur in the result.