JOSEPH W. BULL, Appellant, v. W. L. SMITH, M. H. Smith, P. D. Smith, G. J. Keenan et al., Respondents.

(25 A.L.R. 1402, 191 N. W. 624.)

**Mortgages — personal judgment may be rendered on foreclosure for amount due not only against mortgagor, but against one who has assumed debt; when judgment in foreclosure for amount due rendered, no further action necessary to ascertain deficiency.**

In an action for the foreclosure of a real estate mortgage, personal judgment may be rendered for the amount found due upon the personal obligation secured by the mortgage not only against the mortgagor, but also against his grantee who has assumed and agreed to pay the mortgage debt. When such judgment is rendered no further action on the part of the court will be necessary to ascertain the amount of the deficiency.

Opinion filed December 21, 1922.

Mortgages, 27 Cyc. p. 1749 n. 61; p. 1754 n. 91.

From an order of the District Court of Burleigh County, *Nuessle,* J., defendant appeals.

Affirmed.

*Theo. Koffel,* for appellant.

*E. T. Burke,* for respondent.

CHRISTIANSON, J. This is a sequel to Bull v. Smith, 45 N. D. 613, 178 N. W. 426. The material facts are as follows: In May 1910 the defendant Smith, purchased from one Keenan a tract of land in Burleigh county in this state upon which there was a mortgage executed by Keenan and his wife. The plaintiff, Bull, in due course purchased such note and mortgage and the same were duly assigned to him. Later he brought this action to foreclose the mortgage, joining the mortgagors and Smith as defendants therein. In his complaint the plaintiff averred that the defendant, Smith, at the time of the purchase of the premises from Keenan and as a part of the consideration therefor, assumed and agreed to pay the note and mortgage held by the plaintiff. The trial court found that the defendant Smith, had assumed and agreed to pay

Note.—On liability of grantee assuming mortgage debt to mortgagee of one in privity with him, see note in 21 A.L.R. 439; 19 R. C. L. 666; 3 R. C. L. Supp. 965; 5 R. C. L. Supp. 1042.

such mortgage and on appeal that finding was approved by this court and the judgment entered thereon affirmed. See Bull v. Smith, supra. After the record had been returned to the district court and that court reinvested with jurisdiction, the plaintiff, Bull, caused execution to be issued, in form as prescribed by § 7714, Comp. Laws, 1913, directing the officers to execute the judgment by making sale of the premises and applying the proceeds of sale in conformity with the judgment. Such special execution was returned by the sheriff with his certificate attached thereto to the effect that a prior mortgage against the premises had been foreclosed, and sheriff's deed issued thereon; and that hence the defendants in this action had no right or interest in said real property which could be sold under the execution. The plaintiff thereupon made a motion in the district court that the court ascertain the amount of the deficiency judgment which plaintiff would be entitled to recover in this action as against the defendant Smith. The matter came on for hearing. The defendant Smith, resisted the motion. The trial court denied the motion, and the plaintiff has appealed.

The judgment rendered in this case, which has never been modified and which was affirmed by this court on the former appeal, awarded the plaintiff, Bull, personal judgment not only against the makers of the note and mortgage, but, also, against the defendant Smith. The right to such personal judgment was the first matter adjudicated by the judgment. It was specifically adjudged "that the plaintiff, Joseph W. Bull, do have and recover  .  .  . from the defendant W. L. Smith, the sum of eight hundred ninety-seven and 75/100 ($897.75) dollars, principal and interest, and attorney's fees and costs of this action taxed and allowed at fifty-seven and no/100 ($57) dollars.  .  .  ." It was further ordered and adjudged "that the said sum and amount is a lien upon the mortgaged premises," and that such premises be sold, and the proceeds of the sale applied in payment of the amount due to the plaintiff from the defendants. It was further adjudged that if the moneys arising from such sale shall be insufficient to pay the fees, disbursements, and amount adjudged due the plaintiff as aforesaid, with interest as aforesaid, then that the plaintiff have execution against the property of said defendants for the amount still remaining due after applying proceeds of sale as aforesaid.

It will be noted that the plaintiff sought to enforce liability not only

against the mortgagors, but also against the defendant Smith, as grantee of the mortgagors. In this respect the action is identical with McDonald v. Finseth, 32 N. D. 400, L.R.A.1916D, 149, 155 N. W. 863; and under the facts as determined on the former appeal, namely, that the defendant Smith, as a part of the consideration for the deed, specifically assumed and agreed to pay the indebtedness secured by the mortgage held by the plaintiff, he (Smith) became personally liable to the mortgagee for the amount of the debt so assumed. McDonald v. Finseth, supra; Tulare County Bank v. Madden, 109 Cal. 313, 41 Pac. 1092; Tuohy v. Woods, 122 Cal. 665, 55 Pac. 683; 3 Pom. Eq. Jur. 4th ed., §§ 1206 et seq.; 9 Enc. Pl. & Pr. pp. 465, 466.

The judgment in this case was and is a personal judgment against the mortgagors and the defendant Smith, followed by a direction that the mortgaged premises be sold and the proceeds of the sale applied in discharge of the judgment. That is the usual judgment entered in foreclosure cases in this state against defendants who are personally liable for the indebtedness secured by the mortgage, where the court acquires jurisdiction of their persons. That procedure also prevails elsewhere. Cyc. (27 Cyc. 1754) says: "In England and in some of our states, under the blended systems of law and equity, it is permissible for the court in a foreclosure suit to give personal judgment against the mortgagor, or other defendant who is personally liable, for the entire amount of the mortgage debt and also to order sale of the mortgaged property, the proceeds being applied on the judgment, and the deficiency, if any, being thus ascertained."

In Englund v. Lewis, 25 Cal. 337, 349, the supreme court of California said: "Under our system of practice there is but one form of action 'for the enforcement or protection of private rights, and the redress or prevention of private wrongs,' and in a proper case legal and equitable relief may be had in the same action. The result in such cases is a judgment with a twofold aspect, one looking to the legal and the other to the equitable relief. Hence it has been held that in foreclosure cases a formal judgment in personam may be rendered against the defendants for the amount found due, with a provision for its enforcement against the property upon which the lien is established. Rollins v. Forbes, 10 Cal. 299; Rowland v. Leiby, 14 Cal. 156; Chapin v. Broder, 16 Cal. 403. In Rowland v. Leiby, Mr. Chief Justice

Field said: 'In this state, parties are at liberty to adopt in the fore-closure of mortgages the course pursued under the old chancery system, and take a decree adjudging the amount due upon the personal obliga-tion of the mortgagor, and directing a sale of the premises and the application of the proceeds to its payment, and apply, after the sale, for the ascertainment of any deficiency, and execution for the same; or they may take a formal judgment for the amount due in the first instance. In the latter case, the proceeds can be applied by the officer making the sale immediately upon the judgment, and no further pro-ceedings will be necessary on the part of the court to ascertain the deficiency.' "

The judgment in this case established a definite personal liability and awarded a personal judgment against the defendant Smith for the amount of the debt with the usual relief in equity, superadded. In form, the judgment is quite like that considered by the supreme court of California in Englund v. Lewis, supra, and in our opinion this form of judgment is proper in this state in an action for the foreclosure of a mortgage upon real property. Comp. Laws, 1913, § 8100. In fact this proposition is not disputed by the respondent Smith, in so far as the mortgagor is concerned. In other words the respondent admits that the court has full authority to enter such judgment as against the mortgagor; but he asserts that the court has no power to render such judgment against any person other than the mortgagor. And in sup-port of this contention he cites § 8102, Comp. Laws, 1913, which reads as follows: "If the mortgage debt is secured by the obligations, or other evidence of debt, of any other person than the mortgagor, the plaintiff may make such other person a party to the action and the court may render judgment for the balance of such debt unsatisfied after a sale of the mortgaged premises, as well against such other per-son as against the mortgagor, and may enforce such judgment as in other cases, by execution or other process." The respondent contends that under § 8102, supra, the court has no power to render a personal judgment against one who, like the respondent Smith, has assumed and agreed to pay the mortgage debt. That as to such person the court may merely enter a decree of foreclosure pursued under the old chan-cery system and that no personal liability is or can be adjudicated until

after the premises have been sold and the proceeds applied in payment of the mortgage debt.

In our opinion the section is not susceptible of the construction contended for. The general rule is that "in the absence of a statutory provision giving the court authority therefor, a judgment for the deficiency arising after the application of the proceeds of the sale of the mortgaged premises to the payment of the debt secured cannot be taken against any person liable for the debt, other than the mortgagor himself." Wiltsie, Mortg. Foreclosure, 3d ed. § 741. We believe that the purpose of § 8102, supra, was to change this rule, and grant specific statutory authority to render judgment, not only for foreclosure of the mortgage, but also, for deficiency in the one action, against all persons liable for the debt. There is nothing in § 8102 which indicates that the usual procedure prescribed by our statute in foreclosure cases should not obtain as to the parties referred to therein. That section does not say that the court can render a deficiency judgment only after a sale has been made of the mortgaged premises, but specifically authorizes the court to render judgment for the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against any other person who is liable for the payment of the mortgaged debt as against the mortgagor and to enforce such judgment as in other cases by execution or other process. The practice prevailing in this state is to enter a formal judgment in the first instance for the amount due on the debt, and apply the proceeds of the sale of the premises in satisfaction of the judgment. That was the practice pursued in McDonald v. Finseth, supra. And as already indicated, that seems to be the prevailing practice in California. It is also the practice prevailing in Washington. See Shumway v. Orchard, 12 Wash. 104, 40 Pac. 634.

Under the judgment in this case there was nothing for the trial court to determine upon the motion made by the plaintiff. The personal liability of the defendant, Smith, was definitely established and adjudicated in the judgment entered in the first instance. That liability has never been altered. Of course, the defendant would have been entitled to credit upon the judgment for the proceeds received from a sale of the premises, if any proceeds had been received. But it appears from the return of the sheriff filed in this case that a sale of the prem-

ises would be nugatory; that there is in fact nothing to sell; that a sale would benefit no one and would merely entail unnecessary expense. "The law respects form less than substance." Comp. Laws, 1913, § 7262. It "neither does nor requires idle acts." Comp. Laws, 1913, § 7266. See also Toby v. Oregon P. R. Co. 98 Cal. 490, 33 Pac. 550.

Under the judgment rendered in this case, no further action was necessary to ascertain the deficiency. The trial court therefore was correct in denying plaintiff's motion. Upon the record here, the plaintiff is entitled to enforce the judgment against the defendant Smith, and execution may issue thereon in the manner provided by law.

Upon the oral argument it was suggested that there were certain grounds justifying equitable interference with the enforcement of the personal judgment against the defendant Smith. Of course, we must decide the case upon the record before us; and that record discloses no grounds for equitable interference. Whether such grounds do or do not in fact exist we have no means of knowing, and cannot, and do not, determine here.

The order appealed from is affirmed. Neither party will recover costs.

BIRDZELL, Ch. J., and ROBINSON, J., concur.

BRONSON, J. (specially concurring). I am of the opinion that the order of the trial court should be sustained. The majority opinion holds that a personal judgment was rendered against the Keenans, as mortgagors, and against W. L. Smith who, as grantee, assumed and agreed to pay the mortgage debt; that it was and is unnecessary for the court to ascertain the amount of any deficiency; that, therefore, there was no error in denying plaintiff's motion.

The trial court has specifically found that the plaintiff is not entitled to a deficiency judgment or to any judgment against the defendant; therefore, it denied plaintiff's motion and application. Hence, the situation is presented where the majority opinion affirms the order but practically reverses the holding of the trial court.

The record shows that a personal judgment was rendered. Whether the same is enforceable is a question not necessary here to determine.

GRACE, J., concurs.