This is an appeal from an order of the district court denying plaintiff's motion to amerce the defendant, as sheriff of *Page 424 
Richland county, for failure to make or file a return of an execution issued on a judgment in a foreclosure proceeding against the defendant Wright, and others.
The facts necessary to an understanding of the issue presented are substantially as follows: On May 1, 1925, a default judgment was entered in favor of the plaintiff and against the defendant Wright by default for the foreclosure of a mortgage. The total judgment is $2,707.44. It was decreed in the judgment that it be a lien on the southwest quarter of section 22, township 122, range 48 in Richland county by virtue of a second mortgage held by the plaintiff and for the foreclosure of which the proceeding was commenced. The plaintiff, on September 15, 1925, procured a general execution on this judgment which was delivered to the sheriff on September 16, 1925, at 9 A.M. On December 14, 1925, the sheriff having made or filed no return within sixty days, or otherwise, as required by the statute, § 7719, Comp. Laws 1913, made a motion to amerce the sheriff in the full amount of the judgment, under § 7770, Comp. Laws 1913. The motion was denied and the plaintiff appeals from the order.
The sheriff contends that the plaintiff may not waive the specific provisions of the decree directing the sale of the property covered by the lien; that foreclosure proceedings are governed by statutory requirements which must be substantially complied with; and that in no event may a general execution issue until the property covered by the lien has been sold and the proceedings applied on the judgment, or at least not until the sheriff has made a return showing upon its face that a sale of the property would be an entirely idle and useless ceremony.
In Bull v. Smith, 49 N.D. 337, 25 A.L.R. 1402, 191 N.W. 624, this court gave extended consideration to the form of the judgment in a foreclosure proceeding. In that case this court definitely established the following propositions under the governing statutes, notably § 8100, Comp. Laws 1913; (a) that the action to foreclose a mortgage partakes of the character of both a legal and an equitable proceeding; (b) that the decree may adjudicate the amount due on the indebtedness and award judgment accordingly against the defendant mortgagor and in favor of the plaintiff mortgagee; (c) that a personal judgment for the amount found due may be entered in the proceeding; (d) that the *Page 425 
decree may provide for a deficiency judgment in case the proceeds of the sale of the property covered by the lien be insufficient to discharge the indebtedness; (e) that upon sale of the mortgaged premises, pursuant to a specific execution thus issued, the sheriff shall apply the proceeds upon the indebtedness; (f) that no further action by the court is necessary to ascertain the amount of the deficiency; (g) and that thereupon the judgment creditor may procure a general execution to fully satisfy the judgment out of any property belonging to the mortgagor. We think it necessarily follows, from what was said in that case and,passim, in Winslow v. Klundt, 51 N.D. 808, 201 N.W. 169, that when a judgment in a foreclosure action of the type involved in Bull v. Smith, supra, which is substantially identical with the judgment in the case at bar, is docketed, it becomes a lien uponall the real property of the judgment debtor, pursuant to the provision of § 7691, Comp. Laws 1913, and, to the extent to which any deficiency may arise, due to the failure of the specific property covered by the lien to discharge the indebtedness on a sale under special execution, may be discharged by a sale of the debtor's property under a general execution. We are satisfied that it was the legislative intention, as it has been the general practice, that the judgment in foreclosure be satisfied, first by the proceeds of the sale of the mortgaged premises, and, second,
by a general execution to discharge the deficiency.
The judgment in the case at bar specifically directed that the mortgaged premises be sold and the proceeds of the sale applied in satisfaction of the indebtedness and the costs of sale; that any surplus above the indebtedness and the costs be paid into court; that if the money arising from the proceeds of the sale be insufficient to pay the costs together with the indebtedness and interest, "then that the plaintiff have and recover of and from the said defendant Donald Wright, the amount still remaining due after applying the proceeds of sale as aforesaid with interest from the day of said report of sale, and have execution therefor." The judgment clearly directed a sale of the mortgaged premises under special execution before resort could be had to the other property of the debtor under a general execution. This was not done. The plaintiff ignored this part of the judgment on the theory, it is here maintained, that the equity was valueless and the sale of the premises described in the mortgage would be an idle act. *Page 426 
The sheriff never had a special execution in his hands; he made no official return indicating that the equity was valueless or that a sale would be a useless formality; in that respect the facts distinguish the case at bar from that of Bull v. Smith, supra. There the sheriff made a return showing no vendible equity in the mortgaged premises because a prior lien had been foreclosed and a sheriff's deed had been issued. In that case a sale of the specific property, according to the tenor of the mortgage and the decree, would have been an attempted sale of land the title to which had irredeemably passed from the mortgagor to another person, by virtue of proceedings to enforce a superior lien. The appellant seeks to bring himself within the rule in that case by averments in affidavits, used on the motion to amerce, that the equity in the property was valueless; that a special execution, had one been issued in conformity with the decree, would of necessity have been returned by the sheriff showing that the sale was a mere formality because the equity was valueless; and that, therefore, a general execution could properly issue under the ruling principles applied in the case of Bull v. Smith. Notwithstanding specific directions in the decree to the contrary, it is urged that a general execution may issue, in the first instance, when it appears that the mortgaged property is valueless, and that a return to that effect by the sheriff upon a special execution after a formal sale is not a preliminary requirement. The defendant, on the other hand, contends that this departure from the decree renders the writ absolutely void; that in any event the writ was not executed or a return made because of plaintiff's own conduct; that consequently the sheriff was legally justified in ignoring its commands; and that the decision of the trial court is correct.
The proceeding is brought under § 7770, Comp. Laws 1913, providing for the amercement of sheriffs. In Lee v. Dolan,34 N.D. 449, 158 N.W. 1007, this court held that, under this statute, the liability of the sheriff is absolute, and that evidence of damages or want of damages is wholly irrelevant. In short, this court construed the statute as imposing absolute liability upon the sheriff in the amount of the judgment and the costs, plus 10 per cent for failure to execute a writ or to make a return of a writ of execution to the proper court, on or before the return date. We deem it unnecessary to set out the statute verbatim; its terms fully appear in the case cited. It is the settled *Page 427 
law in this jurisdiction that amercement results without regard to the question of damages, for failure to discharge the official duty of levying or of making timely return of an execution. The sole basis for amercement in this case is the failure to make a return.
We find it unnecessary to decide whether the execution was void or merely irregular. We shall assume without deciding, that the execution was neither void nor irregular, and that the creditor was entitled to a general execution upon the judgment. The proceeding is summary in character; the sheriff may be mulcted in substantial damages upon a motion and without the right to a trial by jury. The evidence ought to be clear and convincing; the record should not present substantial doubts of the propriety of amercement because of the conduct of the plaintiff which may have caused the failure to promptly file a return. The underlying theory is that the officer has been guilty of a breach of duty for which no legal excuse has been offered. If the failure to make the return be in any sense due to the conduct of the judgment creditor, or if it was induced by him, he may not afterwards base a cause of action in amercement upon the delinquency. Equity will not permit it. See Hull v. Chapel,71 Minn. 408, 74 N.W. 156.
We find, after reading the voluminous record in this case and the affidavits filed in support of the sheriff's return, that a doubt exists in our minds respecting the right of the plaintiff to charge the sheriff with sole responsibility for failure to make a timely return. There are numerous affidavits and conflicting assertions which we need not summarize; some of the affidavits fairly support the inference that an agent or agents of the plaintiff are, at least in part, responsible for some of the acts for which the sheriff is now sought to be charged with full accountability. For example: third party and exemption claims were filed respecting property on which a levy had been made pursuant to the execution; conversations took place between the sheriff and representatives of the plaintiff respecting an indemnity bond. Delays arose in that connection, not chargeable to the sheriff, and the bond was not furnished until one day after the time for filing the return had expired. Without going into other details, we are not satisfied that the conduct and attitude of plaintiff's agents may not have had something to do with the delay in filing the return. At any rate, the *Page 428 
record does not present a sufficiently clear case to warrant amercing the sheriff in the summary manner contemplated in the statute.
The order of the trial court is affirmed.
CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and BIRDZELL, JJ., concur.