[File No. 6006.]

T. R. GLYNN, Respondent, v. FRANK X. WANNER, Sheriff of Stark County, North Dakota, and the State Bonding Fund, Appellants.

(244 N. W. 14.)

Opinion filed August 10, 1932. Rehearing denied August 20, 1932.

*Otto Thress,* for appellant Wanner.

*James Morris,* Attorney General, and *Harold D. Shaft,* Assistant Attorney General, for appellant State Bonding Fund.

*Tobias D. Casey,* for respondent.

Nuessle, J. This proceeding was brought under Comp. Laws 1913, § 7770, to amerce the defendant Wanner, sheriff of Stark county. Section 7770, supra, reads as follows: "If any sheriff or other officer shall refuse or neglect to execute any writ of execution to him directed, which has come to his hands, or to sell any personal or real property, or to return any writ of execution to the proper court on or before the return day, or on demand to pay over to the plaintiff, his agent or attorney of record all moneys by him collected or received for the use of said party at any time after collecting or receiving the same, except as otherwise provided, or on demand made by the defendant, his agent or attorney of record, to pay all surplus received from any sale, such sheriff or other officer shall on motion in court and two days' notice thereof in writing be amerced in the amount of said debt, damages and costs with ten per cent thereon to and for the use of said plaintiff or defendant as the case may be."

The motion to amerce was supported and resisted by affidavits. Taking the view of the showing most favorable to the plaintiff, and this was the view taken by the trial court, the facts may be stated as follows: In August, 1930, there was pending in the district court of Stark county an action wherein the instant plaintiff, Glynn, was plaintiff and one Stumpf was defendant. In that action plaintiff sought to

impose a lien on personal property and asked appropriate relief. He procured the issuance of a warrant of seizure. Under this warrant the sheriff seized property of Stumpf consisting of a large quantity of wheat, barley and oats. He left this grain in the possession of Stumpf. (He says he did this with the consent of counsel for the plaintiff.) In January, 1931, judgment was entered in favor of plaintiff Glynn and against Stumpf. At once a special execution was issued directing the sheriff to sell the property seized under the warrant. This execution was delivered to the sheriff on January 23, 1931. He proceeded to execute it. He found, however, only eighty-seven bushels of wheat remaining in Stumpf's possession. Stumpf had used or disposed of the rest of the grain which had been left with him and which would have been ample to satisfy the execution. The sheriff sold the wheat thus found under the execution for $46.78, deducted his costs, paid the excess to plaintiff's attorney, and returned the execution thus partially satisfied on March 23rd. It does not appear that Stumpf had any other property out of which an execution could have been satisfied. The plaintiff felt aggrieved and moved to amerce the sheriff, joining the State Bonding Fund as a defendant. On the foregoing facts the trial court held that the sheriff had so failed to perform his duty as to render him liable to amercement under § 7770, supra, and ordered judgment against him and the State Bonding Fund in the amount remaining unpaid on the plaintiff's judgment, together with the penalty as provided by the statute. Judgment was entered accordingly. The defendants thereupon perfected this appeal.

Thus it appears that the question here is as to whether the sheriff may be amerced where he fails to properly perform his duty under a warrant of seizure of chattels on foreclosure so that when thereafter judgment is entered and a special execution is issued thereon the sheriff is unable to execute and satisfy it from the property.

The statute is penal in its nature. The proceeding under it is summary. Lee v. Dolan, 34 N. D. 449, 158 N. W. 1007. Accordingly, the statute will be strictly construed and applied only to defaults clearly within its terms. Albert Solberg & Co. v. Rettinger, 40 N. D. 1, 168 N. W. 572; Farmers Nat. Bank v. Wright, 54 N. D. 422, 209 N. W. 796; Farmers State Bank v. Crandell, 60 N. D. 619, 236 N. W. 264; 35 Cyc. 1882, et seq.

In the instant case it appears that when the execution was delivered to him the sheriff took such of the property as could then be found. He sold this property and applied the proceeds in accordance with the command of the execution. The execution was returned in due time. Through the sheriff's failure to keep the property seized under the warrant as the law required him to do, the plaintiff lost the benefit he should have had from the seizure. The sheriff's default was not in failing to perform his duty with respect to the execution, but in neglecting to properly keep the property seized under the warrant. This default had occurred before the execution was issued. The sheriff did not refuse or neglect to execute the writ nor did he fail to return it in due time. So the default is not within the terms of the statute and he cannot be amerced.

Judgment reversed and proceeding dismissed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.