GEORGE W. BURTON, PLAINTIFF IN ERROR, v. DENNIS W. CAVE, DEFENDANT IN ERROR.

[FILED APRIL 3, 1889.]

1. **Execution:** FAILURE OF OFFICER TO SELL. In an action against a sheriff for failing to sell certain personal property levied upon under an execution as that of the defendant, but not sold, the testimony showed that the property was claimed by a

third party, who brought an action of replevin to recover the same, but failed to give the requisite undertaking; that upon the return of the property to the officer, the weight of testimony tended to show that the plaintiff's attorney instructed him not to sell until the question of title was determined; that in the meantime, the return-day having passed, the plaintiff's attorney instructed the officer to return the execution and procure another one, which was done, and again levied upon the property in dispute, when the debtor filed an inventory of all his property and claimed that levied upon as exempt. The property was thereupon released. *Held,* Upon the facts proved, that the officer was not liable.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*John Dawson,* for plaintiff in error.

No appearance for defendant in error.

MAXWELL, J.

In April, 1883, the plaintiff recovered a judgment before a justice of the peace against one Patrick Manning for the sum of $125.80. An execution was duly issued thereon which was delivered to a deputy of the defendant, (the defendant being the sheriff of Harlan county,) and was levied upon five sewing machines of the appraised value of $75. These machines were afterward taken on an order of replevin in an action brought by Bridget Manning, the mother of Patrick Manning, but as she failed to give the undertaking required by law the property was returned to the defendant. The property upon being returned to the defendant was not sold under the execution, and there is a dispute in the testimony as to the cause of the failure to sell. The defendant contends, as also does his deputy, and so testifies, that the plaintiff's attorney instructed them not to sell the property until the question of the title to the same was determined, and that in the meantime the return day of the execution having passed, they were instructed by him

to return the execution; that thereupon they did so, and that a second execution was issued and the property again levied upon, when Manning filed an inventory under oath of all his property, and claimed the same as exempt; and that thereupon the property was released from the levy. These facts are nearly all admitted by the plaintiff's attorney, although he testifies that he insisted upon a sale.

This action is brought against the defendant for a failure to sell the sewing machines in controversy under the execution. The proof fails to show that the first execution was unlawfully returned without a sale having been made, or that the property released from the levy was not exempt from sale upon execution. All presumptions are in favor of the action of the officer, unless the acts done appear to be unlawful. This is not shown. The jury returned a verdict in favor of the defendant, and a motion for a new trial having been overruled, judgment was entered on the verdict. The evidence fully sustains the verdict—in fact, it is the only one the jury would have been justified in rendering. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.