NORTHERN DRUG COMPANY, a Corporation, v. J. N. KUNKEL, as Sheriff of Wells County.

(163 N. W. 832.)

Sheriff — amercement of — fees of sheriff — payment in advance — provision for — statute — payment demanded — refused — such proceedings will not lie.

A proceeding will not lie for the amercement of a sheriff under the provisions of § 7770, Compiled Laws of 1913, for the failure to perform services for which he is entitled, under § 3548, to the payment of his fees in advance, and where such fees were demanded and were not paid.

Opinion filed May 14, 1917. Rehearing denied July 10, 1917.

Proceeding to amerce a sheriff.

Appeal from the District Court of Benson County, Honorable C. W. Buttz, Judge.

Judgment for defendant. Plaintiff appeals.

Affirmed.

Henry G. Middaugh and Rollo F. Hunt, for appellant.

Where the sheriff of a county shall refuse or neglect to execute any

writ of execution to him directed, which has come into his hands, or to sell any personal or real property, or to return the writ timely, or on demand refuses to pay over to the proper person moneys collected, or fails on demand to do any act required on him in the execution of any such writ, he shall, on motion in court and on two days' notice, be amerced in the amount of the debt, damages, and costs, and 10 per cent thereon to and for the use of the plaintiff, or defendant, who required the services performed. Code Civ. Proc. 1877, § 359; Rev. Codes 1899, § 5555; Lee v. Dolan, 34 N. D. 449, 158 N. W. 1007.

*Flynn & Traynor* and *B. F. Whipple,* for respondent.

A sheriff has the right to demand his fees in advance, and if he do so, and they are not paid, he violates no law in refusing to execute the writ or perform the services requested. Comp. Laws 1913, § 3548.

Where the requirements of the statute have been substantially complied with so far as the interests of each party are concerned, the officer cannot be amerced. Conkling v. Parker, 10 Ohio St. 28.

BRUCE, Ch. J. This is a proceeding to amerce a sheriff under the provisions of § 7770, Compiled Laws of 1913. The only remissness in duty in any way apparent or urged by counsel for appellant is that the defendant officer failed to return the execution "on or before the return day." The affidavits, however, show that the sheriff attempted by phone to demand, and actually mailed a letter demanding, his fees in advance, as he was entitled to do under the provisions of § 3548, Compiled Laws of 1913; and that such payment was not made. Even though the receipt of the letter was denied, its mailing was positively testified to; and under these circumstances the officer was under no further obligation to act in the premises, and the proceedings for amercement will not lie. There was no breach of duty.

The judgment of the District Court is affirmed.

ROBINSON, J. (specially concurring). This is an appeal from an order denying a motion to amerce the sheriff for an alleged failure to levy and return an execution for $130.53, with a subsequent credit of $61.48. The motion was made and submitted on affidavits and counter affidavits, from which it appears that such an execution was issued to the sheriff without any fees or bonds, and without instructions to

make a levy on any particular property; and that the sheriff was not able to find property on which to make a levy.

The motion is without any merit, and is not worthy of any discussion. Such a motion should not be sustained unless on a very clear showing of grave fault.