[File No. 6644.]

E. DELAFIELD SMITH, Appellant, v. VICTOR HANSON et. al., Respondents.

(293 N. W. 551, 129 A.L.R. 1356.)

242

Opinion filed August 8, 1940.

*Fredricks & Fredricks,* for appellant.

*G. D. Reimers* and *C. B. Craven,* for respondent Hanson; *W. J. Austin,* for respondent State Bonding Fund.

CHRISTIANSON, J. Plaintiff brought this action against the defendant Hanson, sheriff of Foster county, and the State Bonding Fund, as surety on his official bond to recover damages claimed to have been sustained by the plaintiff by reason of the failure of the said sheriff to sell certain personal property levied upon under an execution. The complaint alleges that the defendant Hanson, at the time in question, was the sheriff of Foster county and that pursuant to the laws of this State the defendant, State Bonding Fund, had agreed to indemnify the public and individuals against the failure of official duty on the part of such sheriff. It is further alleged that the plaintiff was the owner and holder of a certain judgment against one Peter Zink; that on

August 10th, 1937, an execution was issued upon such judgment and placed in the hands of the defendant, sheriff; that on the twelfth day of August, 1937, the said sheriff, pursuant to such execution, duly levied upon "all the right, title, claim and interest of the defendant Zink in and to certain described personal property;" that at the time of said levy all of such personal property was in the possession of and owned by said Zink, but that the said defendant, sheriff, "though requested and required only, under said levy to sell the right, title and interest of said judgment debtor, in and to said property so levied upon, . . . wrongfully and unlawfully refused and failed to advertise and sell said right, title, and interest of said judgment debtor, in and to said property so levied upon," and in disregard of his official duty, on October 9th, 1937, returned said execution wholly unsatisfied. It is further alleged that the plaintiff presented to and filed with the State Bonding Fund, pursuant to law, a claim for damages sustained by reason of the breach of duty of said defendant, sheriff, but that payment of such claim has been refused. It is further alleged that by reason of the failure of the sheriff to proceed under the levy to sell the right, title, and interest of said Zink in and to said property listed in the notice of levy, and by reason of the rejection of the plaintiff's claim by the State Bonding Fund, the plaintiff has sustained damages in the amount of the judgment, viz.: $966.22, and interest thereon.

The defendant Hanson in his answer admitted that in August, 1937, he was the duly elected sheriff of Foster county, and as such received the execution mentioned in the complaint; and he alleges that on the twelfth day of August, 1937, he attempted to make a levy on certain personal property in the possession of said Zink, substantially as listed in plaintiff's complaint, but that at the time of said attempted levy the said defendant, sheriff, acting under instructions received from the plaintiff, did not take into his possession any part of said property; that at the time of said attempted levy there were on record two unsatisfied chattel mortgages against said property, aggregating a total sum of $7,214.27 and personal property taxes against said Zink in the sum of to exceed $336; that said Zink was a married man, the head of a family, and that the defendant demanded that the plaintiff furnish the defendant a bond indemnifying him against possible damage by reason of sale under execution of the property on which the said sheriff

had attempted to levy and that the plaintiff failed and refused to furnish such bond; that immediately after making said attempted levy, and on or about August 14, 1937, the defendant, sheriff, demanded that plaintiff advance and pay the costs and fees necessary to publish the notice of execution sale and pay the necessary costs, fees, and expenses of said sale, but that the plaintiff at all times refused to advance the funds necessary to pay said costs and expenses or any portion thereof. It is further alleged that after the making of said levy, the defendant, on August 20, 1937, received a telegram from the then Governor of North Dakota directing him not to "hold sale on Peter P. Zink property until further investigation;" that after receiving said telegram the defendant sheriff advised the plaintiff of the receipt and contents of such telegram and that the defendant at such time "asked the plaintiff what further procedure plaintiff wished the defendant to take in the premises," and that at that time plaintiff "advised and instructed the defendant to withhold further action until he, the plaintiff, instructed this defendant further," and that "relying upon such instructions from plaintiff, this defendant withheld action and that plaintiff gave no further instruction to this defendant concerning said matter within a period of sixty days from the date defendant received said execution," and that the defendant thereupon returned the execution wholly unsatisfied prior to the expiration of sixty days from the date of its receipt by him. The defendant, State Bonding Fund, also, interposed an answer—the contents of which are not material on this appeal.

The case was tried to a jury upon the issues framed by these pleadings and resulted in a verdict in favor of the defendants. The plaintiff moved for a new trial which was denied, and he has appealed from the judgment and from the order denying his motion for a new trial.

Appellant assigns error on rulings in the admission of evidence and in the court's instructions to the jury. These several assignments of error stem from the affirmative defenses set forth in the answer of the defendant Hanson. They are predicated on the contention of the plaintiff that the defendant Hanson was precluded from showing any reason for failing to advertise and sell the property described in the notice of levy, other than the reason stated in the sheriff's return indorsed on such execution.

Upon the trial, the plaintiff offered in evidence certified copies of

the judgment, affidavit of renewal of the judgment, assignment of the judgment by the judgment creditor to the plaintiff, the execution with the sheriff's return indorsed thereon, the sheriff's notice of levy and the claim filed with the State Bonding Department. This is all the evidence that was adduced by the plaintiff upon its case in chief. The notice of levy is in the usual form, is addressed to the judgment debtor Zink, is dated August 12, 1937, and is signed by the sheriff and states that by virtue of a certain execution issued in this action, "I have this day levied upon . . . all the right, title, claim and interest, of the defendant, Peter P. Zink, if any, in and to the following described personal property (here follows description of property). It is the intention of the undersigned to hereby levy upon the same and identical property covered by and described in that certain chattel mortgage made, executed and delivered by said defendant, Peter P. Zink, to the Regional Agricultural Credit Corporation, dated on May 15, 1937, and filed on June 1, 1937, in the office of the Register of Deeds in and for said Foster county, North Dakota, being Chattel Mortgage No. 98193 therein."

This notice was filed for record in the office of the Register of Deeds of Foster county on August 13, 1937. In the sheriff's return, dated October 9, 1937, indorsed upon the execution, the sheriff certifies that the execution came to his hands on August 10, 1937, and that, "I, . . . do hereby return this execution to the Clerk of Court, of Foster County, North Dakota, wholly unsatisfied, . . . on account of expiration of sixty days' statutory limitation, because property levied on was mortgaged and judgment creditor failed on demand, within sixty-day limitation on execution, to furnish security or bond for sale of mortgaged property." (The return did not state that any levy had been made, or describe any property as having been levied upon.)

After the plaintiff had rested, the defendant was sworn as a witness in his own behalf. Before any question had been propounded to him, plaintiff's counsel objected to the introduction of any evidence under the answer concerning any of the matters alleged in such answer as reasons why the defendant sheriff did not proceed under the execution to advertise for sale and sell the property described in the notice of levy, on the ground that the matters so alleged by way of affirmative defenses in the answer did not constitute any defense. The objection

was overruled and the defendant proceeded with the introduction of his evidence. The defendant Hanson testified that at the time the plaintiff delivered to him the execution in question here, he instructed the defendant to levy on the property on which the Regional Agricultural Credit Corporation had a mortgage; that the plaintiff at that time presented to the defendant a list in writing of the property described in such mortgage and that the notice of levy was prepared from such list; that thereafter the defendant sheriff went to the farm of the judgment debtor but was unable to find all the property described in the notice of levy, and was able to find only about one third of such property; that the defendant reported this to the plaintiff, but that the plaintiff gave instructions to the sheriff to "make a levy identical as the mortgage of the Regional Agricultural Credit Corporation showed;" that in preparing the notice of levy, defendant examined the mortgage held by the Regional Agricultural Credit Corporation on file in the office of the Register of Deeds, and that after the notice had been prepared he showed such notice to the plaintiff; that thereafter the defendant went to the farm of the judgment debtor Zink, and handed him the notice of levy and afterwards filed the notice of levy in the office of the Register of Deeds on August 13, 1937.

The defendant Hanson further testified that on August 20, 1937, he received a telegram from the then Governor of North Dakota, reading as follows: "Do not hold sale on Peter P. Zink property until further investigation;" that on that same day the plaintiff came to the office of the defendant and "wanted to know" if the defendant would reduce the bond to $1,000; that the defendant refused to do this and presented to the plaintiff the telegram which he had received from the Governor, and asked plaintiff what he intended to do, that the plaintiff answered, "We will have to quit," and that the defendant asked the plaintiff "if he would advance the cost of advertising and he said no he would not spend any more money;" that "they would stop it anyway." This testimony was corroborated by one Solie, a deputy sheriff, who testified that he was present both at the time the plaintiff gave instructions as to what property should be levied upon and at the time the conversation was had between the plaintiff and the defendant Hanson after the receipt of the telegram from the Governor. Solie testified that the plaintiff Smith brought in the original chattel mortgage from

the office of the Register of Deeds and asked the sheriff to levy on the property described in that mortgage; that in preparing the notice of levy the description of property levied upon was copied from the chattel mortgage. Solie testified that he was present in the sheriff's office when the defendant received the telegram from the Governor, and that he was present when the telegram was exhibited to the plaintiff by the sheriff.

That "the sheriff handed him this message, he showed it to him and then asked Mr. Smith what he intended to do and if he wanted to go ahead and make the publication and Mr. Smith said he did not think it was any use doing that because it was all off anyway, and he said he wanted to see his lawyer and would instruct him later.

"Q. See what?

"A. See his counsel, his lawyer, and would instruct us later on what he decided to do.

"Q. Was anything said about the fees as you recall at that time?

"A. Yes, it was.

"Q. Tell the jury what you heard in that conversation concerning the fees?

"A. Mr. Smith said he didn't think it was any use advertising because it was stopped and as much as said he was through."

Both the defendant Hanson and the deputy sheriff Solie testified that no further instructions or directions were received from the plaintiff; also, that moneys to pay for advertising the sale were not furnished. Plaintiff's counsel objected to all this evidence on the ground that it tended to contradict and impeach the sheriff's return on the execution; and, as said, these objections lie at the base of the assignments of error on this appeal.

The return of an officer on an execution is, in general, conclusive upon him as to facts stated in the return which the officer is legally obligated to state therein, but does not extend to matters which he is not required to state. 4 Jones, Commentaries on Evidence, 2d ed. p. 3541; 23 C. J. 807, et seq. The authorities also recognize a distinction between the contradiction of facts stated in a return and facts explanatory of, or supplementary to, the facts stated in the return, and which do not contradict what is said in the return. 4 Jones, Com-

mentaries, Evidence, 2d ed. pp. 3541, 3542; 23 C. J. 808. Corpus Juris (23 C. J. 808) says: "While an officer cannot contradict his return he may fully explain the facts set forth in the return, where an action is brought against him, and he may sustain any part of the return by evidence aliunde. He is not estopped by his return from proving facts not contained therein, nor showing that the goods levied on did not belong to the judgment debtor. As against a person who fraudulently procured him to make it, a sheriff may deny the truth of his return, and the officer may show that an insufficient return was caused by the act of the judgment creditor."

The evidence objected to in this case did not contradict anything that was said in the return, but tended to show there were reasons other than the one mentioned in the return for returning the execution unsatisfied. The return recited that the execution was returned "wholly unsatisfied on account of sixty days' statutory limitation, because property levied on was mortgaged and judgment creditor failed on demand, within sixty-day limitation on execution, to furnish security or bond for sale of mortgaged property." Upon the trial the defendant did not seek to contradict what was so stated in the return. He adhered to the statement so made, but offered evidence to show that there were other reasons not mentioned in the return which warranted him in not conducting the sale of the property upon which the plaintiff claimed the defendant had made a levy, and that it was the duty of the defendant to sell. The defendant in his answer pleaded, and the evidence objected to tended to show, that the defendant had demanded not only that the judgment creditor furnish an indemnity bond, but that he advance to the sheriff sufficient moneys to pay the cost of publishing the notice of execution sale and that the plaintiff had failed to comply with this demand; also, that the plaintiff had instructed the sheriff at the time such moneys were demanded not to proceed with the sale of the property unless, and until, he received further instructions from the plaintiff in regard thereto; that the plaintiff failed to give such instructions and that consequently the execution was returned unsatisfied. This evidence objected to tended directly to establish these affirmative averments of the answer of the defendant, and did not tend to contradict what was said in the return.

Plaintiff contends that the evidence in question was rendered in-

admissible by § 7722, Comp. Laws 1913, which provides: "When an execution is delivered to any officer, he must indorse thereon the day and hour when he received it and must proceed to execute the same with diligence; and if executed, an exact description of the property at length with the date of the levy, sale or other act done by virtue thereof must be indorsed upon or appended to the execution; and if the writ was not executed or executed in part only, the reason in such case must be stated in the return." .

In our opinion this contention is not well founded. Section 7722, supra, prescribes certain indorsements to be made by the officer upon an execution and facts to be stated in the return. But, the section does not purport to fix the evidentiary effect either of a recital or nonrecital in the sheriff's return of the matters which the section says shall be stated in the return. The section provides that if the execution "was not executed or executed in part only, the reason in such case must be stated in the return;" but, it does not purport to place any liability upon the officer to the judgment creditor for the failure to state such reasons. Under our statutes a sheriff is rendered liable for the full amount of the "debt, damages and costs with ten per cent thereon to and for the use of" the judgment creditor for failure to return an execution to the proper court on or before the return day. Comp. Laws 1913, § 7770. But, no liability is imposed upon a sheriff who, in due time, returns an execution to the proper court, wholly unsatisfied, merely because the sheriff fails to state in his return valid reasons for such return.

In this case the plaintiff seeks to recover damages which he claims to have sustained because of the failure of the sheriff to advertise and sell certain property which it is asserted the sheriff had levied upon and which it was his duty to sell. If the sheriff were guilty of such breach of duty, the plaintiff would be entitled to recover the damages sustained by reason of such wrongful conduct on the part of the sheriff without regard to the form or substance of any return that the sheriff might make. If the sheriff failed to advertise and sell property which it was his duty to advertise and sell and this breach of duty resulted in injury to the plaintiff, then the plaintiff is entitled to recover the damages he sustained by reason of the wrongful act of the sheriff without regard to the sufficiency or insufficiency of the return. On the

other hand, if valid reasons existed for not making such sale and for returning the execution unsatisfied, then the plaintiff was not injured because of the form of, or defects in, the return, and he is not entitled to recover.

The authorities are generally agreed that, in absence of statute providing to the contrary, a judgment creditor at whose instance an execution is issued is entitled to exercise a considerable degree of control, and to give directions to the officer as to the time and manner of executing the writ, and the particular property to be subjected to levy and sale. 21 Am. Jur. 186, Executions, § 377; 23 C. J. 224 et seq.; 57 C. J. 795 et seq.; Murfree, Sheriffs, new ed. (1890) §§ 111a, 537, 969a; 3 Freeman, Executions, 3d ed. p. 2064, § 368. The answer in this case alleged, and the evidence adduced by the defendant tended to show, that the execution creditor gave directions to the sheriff both as to the making of the levy and as to abandoning the same and not making sale of the property described in the notice of levy, and that the defendant, sheriff, acted in accordance with such directions. This constituted a good defense. 57 C. J. 795; 3 Freeman, Executions, 3d ed. p. 2064, § 368; Murfree, Sheriffs, new ed. (1890) §§ 111a, 537, 969a; Burton v. Cave, 26 Neb. 186, 41 N. W. 1099. See also Farmers' Nat. Bank v. Wright, 54 N. D. 422, 209 N. W. 796.

The defendant also pleaded as a defense, and introduced evidence tending to show, that he demanded that the plaintiff advance the moneys required to pay the fees of the printer for publishing the notice of sale, and that the plaintiff failed and refused to advance such moneys. This also constituted a good defense. Comp. Laws 1913, § 7767. See also Northern Drug Co. v. Kunkel, 37 N. D. 285, 163 N. W. 832; Comp. Laws 1913, § 3548.

The plaintiff contends that under the provisions of § 7721, Compiled Laws 1913, it was the duty of the sheriff to sell the right and interest of the judgment debtor in the personal property described in the notice of levy, and that the sheriff was not entitled to demand that the plaintiff furnish an indemnity bond as a condition for making the sale.

This contention presents no question for decision in this case. While it is true the defendant, Hanson, in his answer set forth as an affirmative defense the failure of the plaintiff to furnish an indemnity bond, this defense was eliminated in the trial court. No reference

was made thereto in the court's instructions to the jury; and the court instructed the jury as follows:

"You are further instructed that when property is pledged or mortgaged or subject to a lien for the payment of money, or the performance of any obligation, the right and interest of the execution debtor therein may be sold on execution without taking possession of or removing the property to the place of sale, but the entire right and interest of such debtor in all the property severally pledged as covered by each separate mortgage or lien shall be sold together as a distinct parcel or thing and the purchaser at such sale shall acquire all the right and interest of such debtor therein. You are further instructed, Members of the Jury, that when an execution is delivered to any officer, he must indorse thereon the day and hour when he received it and must proceed to execute the same with diligence, and the sheriff should be held to a strict accountability and wherever injury has or may have resulted to a party from neglect of duty, such and their sureties should be made responsible in damages directly, proximately and actually sustained."

. . . . . . . . . .

"You are instructed, Members of the Jury, that every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money which is called damages. Detriment is a loss or harm suffered in person or property. If the sheriff does not return a notice or process with the necessary indorsement thereon without delay he is liable to the party aggrieved for all damages sustained by him. If the sheriff to whom a writ of execution or attachment is delivered neglects or refuses after being required by the creditor or his attorney to levy upon or sell any property of the party charged in the writ, which is liable to be levied upon or sold, he is liable to the creditor for the value of said property, however, in an amount not in excess of the plaintiff's claim."

The court submitted to the jury the affirmative defenses (1) whether the plaintiff failed and refused to advance to the defendant moneys for the payment of the printer's fees upon the demand of the defendant that such moneys be advanced; and, (2) whether the plaintiff

instructed the defendant not to proceed with the sale unless and until plaintiff gave further instructions to the defendant to so proceed.

There was the positive testimony of the defendant and of his deputy, Solie, tending to sustain both of these defenses. The plaintiff, on the other hand, denied that he directed the sheriff to delay action with reference to the sale either because of the telegram from the Governor, or for any other reason. On his direct examination he testified:

"Q. What if anything was the reason given by the sheriff why he did not proceed with the execution when he was talking to you?

"A. Because he demanded a bond and I refused to give it."

The plaintiff was not asked whether the sheriff demanded that plaintiff advance moneys for printer's fees and the plaintiff made no denial of the testimony of the defendant and of Solie to the effect that such demand was made.

The questions of fact presented by the two affirmative defenses were fairly submitted to the jury, and there was ample evidence to sustain a finding for the defendant as to either or both of these defenses.

Plaintiff further contends that the court erred in admitting in evidence the telegram from the Governor to the sheriff. This contention is without merit. This telegram was not offered or received in evidence on the theory that the Governor had any power or authority to interfere with the sale. It was offered and received as a part of the conversation between the plaintiff and the defendant, sheriff; and as such it was clearly admissible.

The plaintiff contends, also, that the court erred in stating in its instructions to the jury that "the return of the sheriff upon process or notices is prima facie evidence of the facts stated in such return." This is substantially a quotation of § 3392, Compiled Laws 1913, but the plaintiff contends that this statutory rule does not apply to a sheriff's return on an execution and that such return is conclusive upon the sheriff. It is unnecessary to consider whether, or in what circumstances, the rule embodied in § 3392, supra, is applicable where the sheriff's return is drawn in question in litigation other than in the action in which the return was made. In this case, there was no denial or contradiction of any of the facts stated in the sheriff's return. The defendant as well as the plaintiff testified that the sheriff demanded an indemnity bond. So far as the return is concerned, the

only question was whether the defendant might introduce evidence to show that there were reasons other than those stated in the return for abandoning the levy and returning the execution unsatisfied. For reasons already given, this evidence was admissible, and in so far as the instructions may have given the jury to understand that the return did not preclude the sheriff from showing the reasons pleaded in his answer but not stated in the return for abandoning the levy and not selling the property, the instructions were correct.

Plaintiff also predicates error upon certain statements, in the court's instructions, relating to the chattel mortgage upon the personal property described in the notice of levy. In outlining the issues framed by the pleadings the court referred to the allegations in the answer to the effect that the defendant attempted to make a levy on certain personal property in the possession of the judgment debtor substantially as listed by the plaintiff in his complaint; that in so doing the defendant acted under instructions given by the plaintiff, and in accordance with such instructions did not take any portion of such property into his possession; that there were mortgages against said property in the total sum of $7,214.07, and that defendants deny and allege and claim that the judgment debtor had no salable interest in said property. The mortgage was not offered in evidence and no proof was adduced as to what amount remained due thereon; and plaintiff contends that it was error for the court to make any reference to such mortgage or the alleged amount thereof in the absence of evidence as to the continued existence of the mortgage and the then outstanding amount of indebtedness secured thereby. The instructions complained of were explanatory of the claims of the defendant as to the manner in which the levy was made and the directions of the plaintiff as to the making of such levy. The only reference in the instructions to the mortgage were the ones relating to, and explanatory of, the allegations in the answer and the claim of the defendant as to the manner in which the levy was made. No further instructions were requested by the plaintiff, either upon this or any other question. The notice of levy which was offered in evidence by the plaintiff and received without objection, referred to a chattel mortgage and stated that the property levied upon was the identical property, described in a chattel mortgage which was identified in the notice of levy. Without

any evidence to the contrary, it would be presumed that the mortgage continued in effect at the time the levy was made. Comp. Laws 1913, § 7936, subd. 32; 9 Enc. Evidence, 906, 907; McDonough v. Russell-Miller Mill. Co. 47 N. D. 237, 265, 182 N. W. 251, 262. Furthermore, the case was tried on the theory that the property levied upon was mortgaged. There was no suggestion at any time that the mortgage mentioned in the notice of levy had been discharged, and in argument during the trial plaintiff's counsel stressed the fact that the levy was sufficient under § 7721, Compiled Laws 1913 (relating to the levy upon and sale of mortgaged or pledged property under execution).

We find no reason for disturbing the verdict or the judgment that was entered pursuant thereto. The judgment and order appealed from are affirmed.

NUESSLE, Ch. J., and MORRIS, BURR, and BURKE, JJ., concur.